**In re Paul A. PATTERSON, Debtor.**

**Janie M. PATTERSON, Plaintiff,**

**v.**

**Paul A. PATTERSON, Defendant.**

**Bankruptcy No. 95–32550(3)7.
Adv. No. 95–3139.**

United States Bankruptcy Court,
W.D. Kentucky.

Jan. 12, 1996.

J. Michael Poole, Bruce Garrett Anderson, Louisville, Kentucky, for Debtor/Defendant.

Joseph S. Elder, II, Louisville, Kentucky, for Plaintiff.

J. Baxter Schilling, Trustee, Louisville, Kentucky.

## *MEMORANDUM*

DAVID T. STOSBERG, Bankruptcy Judge.

The Court today provides guidance to the parties on the question of which party bears the burden of proof in a dischargeability action governed by 11 U.S.C. § 523(a)(15). Both sides filed Memoranda and the Court has conducted independent research on the subject.

Section 523(a)(15) of the Code reads, in pertinent part, as follows:

A discharge … does not discharge an individual debtor from any debt—

(15) not of a kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, a determination made in accordance with State or territorial law by a governmental unit unless—

(A) the debtor does not have the ability to pay such debt from income or property of the debtor not reasonably necessary to be expended for the maintenance or support of the debtor or a dependent of the debtor and, if the debtor is engaged in a business, for the payment of expenditures necessary for the continuation, preservation, and operation of such business; or

(B) discharging such debt would result in a benefit to the debtor that outweighs the detrimental consequences to a spouse, former spouse, or child of the debtor.

The majority of courts addressing the burden of proof question have ruled that the Plaintiff, or former spouse, must merely establish that the debt was incurred by the debtor in the course of a divorce decree,

property settlement agreement or other order of court. Upon such showing, the burden shifts to the Debtor who must show either inability to pay the debt (§ 523(a)(15)(A)) or that the discharge would result in benefit to the Debtor that outweighs the detrimental consequences to the former spouse or children of the Debtor (§ 523(a)(15)(B)). *See In re Carroll,* 187 B.R. 197, 200 (Bankr.S.D.Ohio 1995); *In re Phillips,* 187 B.R. 363 (Bankr.M.D.Fla.1995); *In re Florio,* 187 B.R. 654 (Bankr.W.D.Mo. 1995); *In re Hill,* 184 B.R. 750 (Bankr. N.D.Ill.1995); *In re Silvers,* 187 B.R. 648 (Bankr.W.D.Mo.1995); *In re Becker,* 185 B.R. 567 (Bankr.W.D.Mo.1995); *In re Comisky,* 183 B.R. 883 (Bankr.N.D.Cal.1995). The courts have analyzed the terminology in Section 523(a)(15) as creating a "rebuttable presumption" that the divorce obligation is nondischargeable unless the Debtor proves one of the exceptions set forth in subsection (A) or (B) of Section 523(a)(15). *In re Becker,* 185 B.R. 567, 569 (Bankr.W.D.Mo.1995).

A properly-drawn complaint incorporating the divorce decree, property settlement agreement or other order of court (hereinafter collectively referred to as a "decree") easily establishes that the debt or debts in question are not maintenance or support as encompassed by 11 U.S.C. § 523(a)(5). Once this is established, the burden shifts to the Defendant/Debtor to prove the defenses set forth in subsections (A) and (B) of Section 523(a)(15). Although the caselaw suggests that the burden shifts to the debtor on both subsections (A) and (B), with respect to subsection (B), both the Plaintiff and the Defendant need to establish proof of the respective detrimental consequences to each of them if the debt in question were discharged. This is necessary in order for the Court to weigh the relative detrimental consequences of a discharge on each party.

Thus the Court envisions a typical trial under 11 U.S.C. § 523(a)(15) unfolding by:

1). using the decree as a starting point;

2). then, requiring the debtor to demonstrate the inability to pay;

3). then, requiring the plaintiff to establish the detrimental consequences of a discharge to her and the children, if any;

4). followed by rebuttal proof by the debtor with regard to the detrimental consequences to him.

In other words, the order of proof would differ from a normal dischargeability trial as once the decree is produced, the defendant would proceed first, followed by the plaintiff, and culminating with the defendant if necessary.