IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 97-10454

_____

In The Matter Of: SIM MICHAEL GAMBLE,

                                    Debtor.

_____

SIM MICHAEL GAMBLE,

                                                    Appellant,

                            versus

ARCINA ANN GAMBLE,

                                                    Appellee.

_____

Appeal from the United States District Court for the
Northern District of Texas
_____

Junw 22, 1998

Before JOLLY, DUHÉ, and PARKER, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

Sim Michael Gamble apparently concluded that he was unable to pay his ex-wife on an obligation arising out of the property settlement incident to their divorce. Upon her serious demands for payment, he headed for the bankruptcy court. Once there, he argued that the debt was dischargeable. The bankruptcy court disagreed and so do we. In particular, we hold that the bankruptcy court did not err in concluding that Mr. Gamble failed to meet either exception to the nondischargeability of such debts as provided in 11 U.S.C. § 523(a)(15), and therefore affirm its judgment.

I

In 1986, while he and Arcina Ann Gamble were married, Mr. Gamble went to work at Security National Bank of Quanah in Quanah, Texas. In support of his position at the bank, the couple purchased some bank stock for $216,000. Of this money, $116,000 was borrowed from an Abilene bank; the other $100,000 came from an inheritance belonging to Ms. Gamble. In 1990, the Gambles divorced. In the divorce decree, Mr. Gamble was awarded the bank stock. In return, he assumed sole responsibility for the $116,000 loan, and, in addition, signed a note to Ms. Gamble for $100,000. This note carried no interest, and was set to become due and payable three years from July 19, 1990.

II

By June 20, 1995, the $100,000 note was twenty-three months overdue and still unpaid. Ms. Gamble therefore went to state court and reduced the note to judgment, which was entered August 3. On September 1, Mr. Gamble filed for bankruptcy liquidation under Chapter 7. In response, Ms. Gamble filed an adversary proceeding in the bankruptcy court to prevent discharge of the judgment on the $100,000 note. She argued that it fell within the exception for property settlement debts contained in 11 U.S.C. § 523(a)(15). Section 523(a)(15), under the general heading of "Exceptions to discharge," provides, in relevant part:

> A discharge . . . does not discharge an individual debtor
> from any debt . . . [not in the nature of alimony or
> child support as exempted under § 523(a)(5)] that is

2

incurred by the debtor in the course of a divorce or separation . . . unless--

> (A) the debtor does not have the ability to pay such debt from income or property of the debtor not reasonably necessary to be expended for maintenance or support of the debtor or a dependent . . .; or

> (B) discharging the debt would result in a benefit to the debtor that outweighs the detrimental consequences to a . . . former spouse of the debtor.

After verifying that the debt in question was in fact incurred in the course of a divorce, the bankruptcy court addressed the two listed exceptions. On the evidence before it, the court found that Mr. Gamble had not shown that he lacked the ability to pay the debt from his disposable income or that the benefit to him of discharge would outweigh the detriment to Ms. Gamble under the totality of the circumstances. In support of its findings, the court noted that Mr. Gamble had manipulated his finances, by continuing to pay off another $100,000 unsecured and dischargeable note to his father, by including some questionable expenses in the formulation of a monthly budget, and by deleting his new wife's income from his characterization of the total family income used to defray joint expenses. For these reasons, the court concluded that the $100,000 debt to Ms. Gamble was not subject to discharge. The district court affirmed the bankruptcy court's ruling, from which final decision Mr. Gamble timely appeals.

III

We review the bankruptcy court's findings of fact for clear error and its conclusions of law de novo. In re Hamilton, 125 F.3d 292, 295 (5th Cir. 1997).

## IV

In appealing the bankruptcy court's ruling, Mr. Gamble asserts no less than seventeen points of reversible error. The actual issues are fewer in number. Essentially, Mr. Gamble challenges the determinations made by the bankruptcy court under § 523(a)(15) and the methods used to reach those determinations. He makes four distinct arguments.

## A

First, Mr. Gamble argues that § 523(a)(15) was not meant to apply to all property settlement debts between husband and wife, but instead only to those situations where the debtor has agreed to indemnify his former spouse against a marital debt owed to a third party in exchange for lower alimony payments or a more favorable property settlement. In Mr. Gamble's view, Congress enacted § 523(a)(15) after realizing that allowing discharge of these indemnification agreements (which are not exempt under § 523(a)(5) as they are not in the nature of alimony or child support) often left the former spouse to pay marital debts on her own, and with an unfairly reduced amount of property and/or alimony to do so. Section 523(a)(15) came into being, Mr. Gamble contends, to right this single specific wrong.

4

Although Mr. Gamble's position finds express support in the legislative history, see H.R. Rep. No. 103-835, at 54 (1994), reprinted in 1994 U.S.C.C.A.N. 3363; In re Macy, 200 B.R. 467, 471 (D. Mass. 1996), it is clearly contrary to the statutory language and thus unpersuasive. Section 523(a)(15) purports to apply to "any debt . . . [not in the nature of alimony or child support] that is incurred in the course of a divorce or separation," and the bankruptcy court was clearly correct to give this provision the full reach implicated by its plain language. See BFP v. Resolution Trust Corp., 511 U.S. 531, 566 (1994) (Scalia, J.) (in interpreting the Bankruptcy Code, "'as long as the statutory scheme is coherent and consistent, there generally is no need for a court to inquire beyond the plain language of the statute'") (quoting United States v. Ron Pair Enterprises, Inc., 489 U.S. 235, 240 (1989)). As there is no dispute that the debt in question was incurred in the course of a divorce and is not in the nature of alimony or child support, there can be no dispute that § 523(a)(15) is controlling and dispositive as to that debt's dischargeability.

B

Mr. Gamble next complains that, even if § 523(a)(15) is the relevant provision, the bankruptcy court erred in its allocation of the burden of proof under that section. In assessing the evidence, the bankruptcy court assigned Ms. Gamble the initial burden of showing that § 523(a)(15) was applicable to the debt in question, whereupon Mr. Gamble had the burden of proving that one of the

exceptions applied to take it out. We find nothing amiss in this arrangement. It accords with traditional notions of the prima facie case and affirmative defense, is in line with the rulings of the majority of courts to have considered the issue, see, e.g., In re Custer, 208 B.R. 675, 681-82 (Bankr. N.D. Ohio 1997) (citing cases); In re Stone, 199 B.R. 753, 760-62 (Bankr. N.D. Ala. 1996) (collecting, summarizing, and analyzing twenty-eight cases applying the rule), and is completely consistent with the statutory language. There is accordingly no error to be found on this point either.

C

Third, Mr. Gamble insists that, even if § 523(a)(15) is the relevant provision and he correctly bore the burden of proof as to the exceptions, the bankruptcy court nonetheless clearly erred in finding that he had the ability to pay under the first exception, § 523(a)(15)(A). In support of this contention, Mr. Gamble notes that the debt in question had long since become due in full, and that he undisputedly did not have $100,000 in available funds at the time of the bankruptcy.

Contrary to Mr. Gamble's semantic intimations, the plain language of the statute speaks of an "ability to pay . . . from income" as well as from property. We therefore find that the bankruptcy court was correct to focus its investigation of ability to pay on whether Mr. Gamble could make reasonable payments on the debt from his disposable income. See In re Jodoin, 209 B.R. 132,

6

142 (B.A.P. 9th Cir. 1997); In re Dressler, 194 B.R. 290, 304 (Bankr. D. R.I. 1996).  After an independent review of the record, we further hold that the court was not clearly in error in determining that he had not shown an inability to make such payments.  In this regard, we note particularly the findings that Mr. Gamble had been voluntarily making payments on a dischargeable debt to his father and that he attempted to conceal his new wife's contribution to household income.  As to the latter, see particularly In re Haines, 210 B.R. 586, 590-91 (Bankr. S.D. Cal. 1997), and In re Adams, 200 B.R. 630, 633-34 (N.D. Ill. 1996), which discuss the correctness of counting a new spouse's contribution to household income under § 523(a)(15)(A).  For all of these reasons, we conclude that there was no error in the court's assessment of the first exception.

D

Finally, Mr. Gamble pleads that, even if § 523(a)(15) is the relevant provision and he correctly bore the burden of proof as to the exceptions, and even if the bankruptcy court correctly found that he had not shown an inability to pay under the first exception, it nonetheless clearly erred in finding that he had failed to show that the benefit of discharge outweighed the detriment to Ms. Gamble under the second exception, § 523(a)(15)(B).  In support of this last point, Mr. Gamble notes that Ms. Gamble currently has a net worth of approximately $500,000, while he is significantly in the red.  As the bankruptcy

court correctly determined, however, an assessment of benefit and detriment under the second exception implicates an analysis of the totality of the circumstances, not just a comparison of the parties' relative net worths.  See In re Haines, 210 B.R. at 594; In re Morris, 193 B.R. 949, 954 n.8 (Bankr. S.D. Cal. 1996); In re Hill, 184 B.R. 750, 756 (Bankr. N.D. Ill. 1995).  After an independent review of the record on this point, we cannot say that the bankruptcy court clearly erred in its analysis of these circumstances.  In this respect, we note particularly the bankruptcy court's findings that Mr. Gamble had a much greater earning capacity than Ms. Gamble, as she lacked a college education, and that Ms. Gamble had need of her admittedly substantial assets to provide for the care of her ailing mother.  For these reasons, we find no error in the court's assessment of the second exception either.

V

Having found no error in the determinations made by the bankruptcy court under § 523(a)(15) or the methods used to reach those determinations, for the foregoing reasons, the judgment of the district court is

A F F I R M E D.

8