**In re Timothy W. ALEXANDER, Debtor.**

**Timothy W. Alexander, Plaintiff,**

v.

**Jenny Lou Alexander, Defendant.**

**Bankruptcy No. 00–10025(7). Adversary No. 00–1026.**

United States Bankruptcy Court, W.D. Kentucky.

Feb. 12 2001.

Larry W. Cook, Russellville, KY, for defendant.

Alicia Johnson, Russellville, KY, for plaintiff.

Julie A. Cobble, Frankfort, KY, for creditor.

## MEMORANDUM–OPINION

JOAN LLOYD COOPER, Bankruptcy Judge.

This matter came before the Court for trial on November 14, 2000 on the Complaint of Debtor/Plaintiff Timothy W. Alexander ("Timothy") to determine the dischargeability of a debt owed to Fidelity Credit and assumed by Timothy in his divorce from his former spouse/Defendant Jenny Lou Alexander ("Jenny Lou"). The Court, having reviewed the pleadings and evidence presented at trial and being duly advised in the premises, enters its Findings of Fact and Conclusions of Law pursuant to Fed. R. Bankr.P. 7052.

### FINDINGS OF FACT

1. Timothy and Jenny Lou were married and had twin boys who are now 14 years of age.

2. Timothy and Jenny Lou entered into a Separation Agreement dated March 31, 1999, dividing up the debt and property of the parties. The Separation Agreement was later incorporated by reference into the parties' Divorce Decree which was entered by the Logan Circuit Court on April 7, 1999.

3. Pursuant to the Separation Agreement Timothy agreed to be responsible for a marital debt in the amount of approximately $5,000 .00 owed to Fidelity Credit. There is no language in the Separation Agreement specifically stating that Timothy's assumption of the debt to Fidelity Credit is in lieu of alimony, maintenance or support. Furthermore, there is no hold harmless clause in the Separation Agreement.

4. Timothy subsequently remarried, but at the time of trial was undergoing a divorce from his second wife.

5. Timothy works as an electrician and makes $16.50 per hour and works approximately 40 hours per week. He testified that his approximate weekly net pay is $646.00 to $650.00. He also receives approximately $150.00 to $170.00 net per month for his services in the Kentucky National Guard. Timothy also makes an

additional $60.00 per month from additional jobs for a total net monthly income of approximately $2,830.00.

6. Timothy pays child support to Jenny Lou in the amount of $200 .00 per week, an amount that is automatically deducted from his weekly paycheck.

7. Timothy's monthly expenses, in addition to child support, include a mortgage of $346.00, $318.00 car payment, $160.00 for electricity, $195.00 for water, sewer and lot rental, $115.00 for telephone, $80.00 for health insurance on the children, $40.00 for car insurance, $320.00 for food and $10.00 for recreation for total monthly expenses of approximately $2,384.00.

8. Timothy defaulted on the debt to Fidelity Credit and Fidelity Credit sued Timothy on the debt. Just prior to Fidelity Credit garnishing Timothy's wages, he filed his Chapter 7 petition in this case. Fidelity Credit has not pursued Jenny Lou for repayment of the debt.

9. Jenny Lou has custody of the couple's twin 14–year old boys. She owns the home where she and the boys reside. The home is worth approximately $30,000.00.

10. Jenny Lou is employed by a local dry cleaning store and makes approximately $208.00 per week or $1,056.00 in gross salary per month. She also receives $800.00 in child support from Timothy for a total of $1,632.00 of income per month.

11. Jenny Lou's monthly expenses are $120.00 for electricity, $30.00 for water, $40.00 for telephone, $36.00 for cable television, $25.00 for maintenance on the vehicle, $80.00 for car insurance, $100.00 for braces, $373.00 for car payment, $15.00 for hair cuts, $100.00 for her church donation, $21.00 for life insurance, and $15.00 for garbage for total monthly expenses of approximately $1,470.00.

12. On April 15, 2000 Timothy filed his Verified Complaint to determine the dis-

chargeability of the debt to Fidelity Credit pursuant to 11 U.S.C. § 523(a)(5) or (15).

13. On April 21, 2000 Jenny Lou filed her Response to Timothy's Verified Complaint. The Response requested that the Court find that Jenny Lou would be irreparably damaged if Timothy was discharged from the debt of Fidelity Credit and she were required to repay the debt.

14. The Court granted Timothy's Motion for Summary Judgment made orally before trial based on Jenny Lou's admission that the debt owed to Fidelity Credit was not in the nature of alimony to, maintenance for, or support of Jenny Lou or their children. Thus, the debt was not presumed to be nondischargeable under 11 U.S.C. § 523(a)(5).

15. Jenny Lou did not initiate an action to have the Fidelity Credit debt declared nondischargeable pursuant to 11 U.S.C. § 523(a)(15) in accordance with the bar date of May 2, 2000 set by the Court in Timothy's Chapter 7 case.

### CONCLUSIONS OF LAW

1. Under Rule 4007(c) of the Federal Rules of Bankruptcy Procedure, complaints filed pursuant to 11 U.S.C. § 523(c) must be filed prior to the bar date, which in this case was May 2, 2000. While Jenny Lou did not file such a complaint, Timothy's Verified Complaint requested a determination on the dischargeability of the debt pursuant to 11 U.S.C. § 523(a)(5) or (a)(15). Jenny Lou's Response was filed prior to the bar date. In any event, the Court accepts Jenny Lou's Response as a compulsory counterclaim to the Verified Complaint. Therefore, there was no need for her to file and institute a separate adversary proceeding regarding the Fidelity Credit debt. *See In re Thomas,* 47 B.R. 27, 30 (Bankr.S.D.Cal.1984) ("given that debtor had already placed the discharge-

ability of his obligation to his former wife at issue no useful purpose can be served by requiring her to file yet another complaint concerning this debt.") *See also, In re Jones,* 560 F.2d 775, 779 (7th Cir.1977) ("... to hold that where another has already commenced an adversary proceeding on the debt the creditor must still commence another and parallel proceeding on what amounts to a compulsory counterclaim would make the language of the rules promote the very waste, duplication, and diseconomy the rules were designed to avoid. That the affirmative relief prayed for in the answer was not specifically denominated a counterclaim is not significant where, as here, the pleading is clear that such relief is sought.")

2. In an action under 11 U.S.C. § 523(a)(15) the creditor need only prove that (1) the debt is not a debt which is nondischargeable under 11 U.S.C. § 523(a)(5); and (2) the debt was incurred "in the course of divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, a determination made in accordance with State or territorial law by a governmental unit ..." in order for it to be nondischargeable under 11 U.S.C. § 523(a)(15). *In re Patterson,* 199 B.R. 21 (Bankr.W.D.Ky.1996), *aff'd,* 132 F.3d 33 (6th Cir.1997) Jenny Lou clearly met this burden.

3. The burden then shifts to the debtor who must either prove inability to pay the debt under 11 U.S.C. § 523(a)(15)(A) or that a discharge of the debt would result in a benefit to the debtor that outweighs the detrimental consequences of a discharge to the former spouse and/or children under 11 U.S.C. § 523(a)(15)(B). *In re Smither,* 194 B.R. 102, 107 (Bankr.W.D.Ky.1996).

4. In order to determine Timothy's ability to pay the debt, four factors must be considered: (1) the amount of the debt sought to be held nondischargeable; (2) the debtor's current income and value and nature of any property retained after the bankruptcy filing; (3) the amount of reasonable and necessary expenses the debtor must incur for his support; and (4) a comparison of the debtor's property and current income with his reasonable and necessary expenses. *In re Smither,* 194 B.R. at 108. The Court thoroughly reviewed these factors and determines that Timothy has a limited monthly surplus of approximately $500.00 which could be used to pay at least some portion of the debt to Fidelity Credit.

5. Even though a debtor has the ability to pay the debt, he may still obtain a discharge if he can prove by a preponderance of the evidence that discharging the debt would result in a benefit to the debtor that outweighs the detrimental consequences to the former spouse and/or children. 11 U.S.C. § 523(a)(15)(B).

6. The best way to apply the balancing test of § 523(a)(15)(B) is to review both parties' financial status and standard of living in order to compare the relative benefit of the debtor's possible discharge against any hardship the former spouse and/or children would suffer as a result of the debtor's discharge. *In re Molino,* 225 B.R. 904, 907 (6th Cir. BAP 1998).

7. After making this analysis and considering each of the 11 factors listed in *In re Smither,* 194 B.R. at 111, the Court concludes Timothy failed to prove by a preponderance of the evidence that discharge of the Fidelity Credit debt would confer a benefit upon him that outweighs the detrimental consequences to Jenny Lou and the children caused by such a discharge.

8. Timothy's monthly surplus of funds after deduction of his monthly expenses is greater than any surplus Jenny Lou has after deduction of her monthly expenses. The Court places great weight on the fact that Jenny Lou has custody of the couple's teenage boys. She is already struggling to make ends meet and given the cost of raising two teenagers and her limited income, the benefit to Timothy of the discharge of the debt does not even equal the hardship that would be placed on Jenny Lou and the children if she is required to repay the entire Fidelity Credit debt.

■ 9. This Court is authorized to grant partial discharge and/or equitably modify an obligation it finds to be nondischargeable under 11 U.S.C. § 523(a)(15). *See, In re Smither,* 194 B.R. at 109 and cases cited therein. The Court recognizes that Timothy, while having the ability to pay some portion of the debt, cannot repay the entire debt without drastically reducing the small monthly surplus he currently maintains. The Court is also mindful that he is undergoing another divorce and working three different jobs in order to meet his obligations. The Court therefore finds it equitable under these circumstances to grant Timothy a partial discharge of the Fidelity Credit debt.

■ 10. Since the Separation Agreement did not contain a hold harmless clause, Jenny Lou is legally liable on the Fidelity Credit debt upon Timothy's default. To date, Fidelity Credit has not pursued Jenny Lou on the debt, but there is no guarantee how long this forbearance will occur. Given the limited income of both parties and the relative expenses, the Court Orders Timothy to repay the Fidelity Credit debt as follows: $100.00 per month for 25 consecutive months. The remainder of the Fidelity Credit debt is declared discharged and becomes the legal responsibility of Jenny Lou.

## CONCLUSION

The Court enters Judgment in favor of the Defendant Jenny Lou Alexander and declares the debt of Timothy Alexander owed to Fidelity Credit partially nondischargeable in accordance with the Findings contained herein.