**In re Michael Ross HALL, Debtor.**

**Kim W. Hall, Plaintiff,**

**v.**

**Michael Ross Hall, Defendant.**

**Bankruptcy No. 01–22159–7–JTF.**
**Adversary No. 01–6082.**

United States Bankruptcy Court,
D. Kansas.

Nov. 12, 2002.

Kenneth M. Gay, Consumer Advocate LLC, Lenexa, KS, for Plaintiff.

Thomas M. Mullinix, Evans & Mullinix, P.A., Joanne B. Stutz, Evans & Mullinix, P.A., Shawnee, KS, for Defendant.

## MEMORANDUM OPINION

JOHN T. FLANNAGAN, Bankruptcy Judge.

Before Michael and Kim Hall [1] were divorced, Michael owed Kim three separate debts. Their decree of divorce consolidated those debts into one interest-bearing amount of $59,964.61 but did not designate the debt as alimony or support. Kim now claims this debt is nondischargeable under § 523(a)(15) of the Bankruptcy Code because it was "incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement or divorce decree."

Although Kim captions her motion as "Memorandum in Support of Plaintiff's Complaint to Determine Dischargeability Under 11 U.S.C. § 523(a)(15)," the court will consider it as a motion for summary judgment. Kim is essentially seeking a ruling that, considering the uncontroverted facts, she is entitled to judgment as a matter of law on the threshold question of whether the consolidated debt falls within § 523(a)(15).

Michael disputes that the debt falls within § 523(a)(15). First, he argues that the legislative history indicates the statute was not meant to apply generally to all debts between a husband and wife, but only to debts involving a third-party creditor to whom each is liable. Second, he argues that the debt does not qualify under § 523(a)(15) as "incurred in the course of a divorce or separation" because it arose from a series of loans that preceded entry of the divorce decree.

---

1. The defendant, Michael Ross Hall, appears by his attorney, Joanne B. Stutz of Evans & Mullinix, P.A., Shawnee, Kansas. The plain-

tiff, Kim W. Hall, appears by her attorney, Kenneth M. Gay of Consumer Advocate, L.L.C., Lenexa, Kansas.

The court rules that, although not an alimony or support debt, the debt falls within § 523(a)(15) as a debt incurred in a divorce decree.

## FACTUAL BACKGROUND

Michael and Kim Hall were married on August 17, 1968. On June 5, 1998, they each signed a Separation and Post–Nuptial Agreement, and on July 8, 1998, the Circuit Court of Warrick County, Indiana, entered a Decree of Separation approving and adopting the Separation and Post–Nuptial Agreement of June 5, 1998.[2] The Separation and Post–Nuptial Agreement was also filed in that court.[3] On February 8, 2001, the Superior Court of Vanderburgh County, Indiana, entered a Summary Dissolution of Marriage Decree. The divorce decree approved the Separation and Post–Nuptial Agreement of June 5, 1998, and ordered the parties to comply with its terms.[4]

Paragraph four of the divorce decree entered February 8, 2001, entitled "Debt owed by Husband to Wife" incorporates the parties' agreement that Michael would owe Kim $59,964.61 which he would pay in installments with interest:

4.1. The parties agree that as of October 1, 2000, the Husband owes to the Wife the sum of Fifty-nine Thousand Nine Hundred Sixty-four Dollars and Sixty-one Cents ($59,964.61).

4.2. The parties further agree that the Husband shall pay to the Wife the sum of Seven Hundred Twenty-five Dollars ($725.00) per month on the balance of said funds owed to the Wife with interest on said balance accruing at a rate of nine percent (9%) per annum. The first payment shall be due on May 1, 2001 pursuant to the amortization schedule attached hereto and made a part hereof.[5]

On July 11, 2001, approximately two months after the first $725 payment was due, Michael filed a Chapter 7 bankruptcy petition and listed on Schedule F a debt of $59,214.21[6] owed to his former wife, Kim Hall. Kim then filed an adversary complaint in which she sought to have the debt declared nondischargeable under § 523(a)(15).

## DISCUSSION

■ The majority of courts addressing § 523(a)(15) have held that the non-debtor spouse must prove that the debtor incurred the debt in the course of a divorce or separation.[7] Upon such showing, the burden shifts to the debtor who, to obtain discharge of the debt, must show either inability to pay the debt under § 523(a)(15)(A) or that the discharge would result in benefit to the debtor outweighing the detrimental consequences to the former spouse under § 523(a)(15)(B).[8] "The courts have analyzed the terminology in Section § [sic] 523(a)(15) as creating a 'rebuttable presumption' that the divorce obligation is nondischargeable unless the

---

**2.** *See* Exhibit E attached to Plaintiff's Memorandum in Support of Plaintiff's Complaint to Determine Dischargeability Under 11 U.S.C. § 523(a)(15) (Doc. # 12).

**3.** *See* Exhibit A attached to Plaintiff's Memorandum in Support of Plaintiff's Complaint (Doc. # 12).

**4.** Stipulation of the parties contained in Pretrial Order (Doc. # 14) at 3.

**5.** *See* Exhibit B to Plaintiff's Memorandum in Support of Plaintiff's Complaint (Doc. # 12).

**6.** The sum of $59,214.21 represents the balance owed on the promissory note identified in the divorce decree.

**7.** *In re Custer*, 208 B.R. 675, 681–82 (Bankr. N.D.Ohio 1997). See also *In re Johnson*, 212 B.R. 662, 666 (Bankr.D.Kan.1997).

**8.** *In re Custer*, 208 B.R. at 682.

Debtor proves one of the exceptions set forth in subsection (A) or (B) of Section 523(a)(15)":[9]

(a) A discharge under section 727 . . . does not discharge an individual debtor from any debt—

(15) [not in the nature of alimony or child support as exempted under § 523(a)(5)] that is *incurred by the debtor in the course of a divorce or separation* or in connection with a separation agreement [or] divorce decree . . . unless—

(A) the debtor does not have the ability to pay such debt from income or property of the debtor not reasonably necessary to be expended for the maintenance or support of the debtor or a dependent of the debtor . . . or

(B) discharging such debt would result in a benefit to the debtor that outweighs the detrimental consequences to a spouse. . . .

▪ Although the Tenth Circuit has not directly spoken to this issue, the Fifth Circuit has considered and rejected Michael's argument that § 523(a)(15) is limited to debts involving a mutual third-party creditor. In *In re Gamble*, 143 F.3d 223 (5th Cir.1998), the debtor argued, as Michael does here, that § 523(a)(15) was not meant to apply to all property settlement debts between husband and wife, but instead only to those situations in which the debtor has agreed to indemnify his former spouse against a marital debt owed to a third party in exchange for lower alimony payments or a more favorable property settlement.[10] In the debtor's view in *Gamble*, Congress enacted § 523(a)(15) after realizing that allowing discharge of these

indemnification agreements left the former spouse as the only person liable on the marital debts.[11]

While acknowledging the debtor's position was supported by the legislative history, the Fifth Circuit concluded the plain language of the statute must control:

Although [debtor's] position finds express support in the legislative history, *see* H.R.Rep. No. 103–835, at 54 (1994), *reprinted in* 1994 U.S.C.C.A.N. 3363; *In re Macy*, 200 B.R. 467, 471 (D.Mass. 1996), **it is clearly contrary to the statutory language and thus unpersuasive.** Section 523(a)(15) purports to apply to **"any** debt . . . [not in the nature of alimony or child support] that is incurred in the course of a divorce or separation," **and the bankruptcy court was clearly correct to give this provision the full reach implicated by its plain language.** *See BFP v. Resolution Trust Corp.*, 511 U.S. 531, 566, 114 S.Ct. 1757, 128 L.Ed.2d 556 (1994)(Scalia, J.)(in interpreting the Bankruptcy Code, "'as long as the statutory scheme is coherent and consistent, there generally is no need for a court to inquire beyond the plain language of the statute'")(quoting *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 240, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989)).[12]

This court finds the reasoning employed by the Fifth Circuit to be the correct approach. Moreover, this court observes that courts have repeatedly applied § 523(a)(15) to find debts related to divorce or separation nondischargeable where no third-party creditor is involved and where the payment is not a substitute

---

**9.** *Id. (citing In re Patterson,* 199 B.R. 21, 22 (Bankr.W.D.Ky.1996)).

**10.** *In re Gamble,* 143 F.3d at 225.

**11.** *Id.*

**12.** *Id.* (emphasis added and parallel citations omitted).

for alimony.[13] Accordingly, the court finds that under the plain language of the statute, § 523(a)(15) applies to debts that are not in the nature of alimony or child support, i.e., debts between the husband and wife, and not merely debts involving third-party creditors.

■ Michael's second argument is that because the debt arose from a series of loans existing before the divorce decree, it does not qualify under § 523(a)(15) as a debt "incurred in the course of a divorce or separation."

Kim contends that the divorce decree expressly incorporated the repayment terms of the $59,964.61 debt; consequently, the debt was "incurred in the course of a divorce or separation" within the meaning of § 523(a)(15). Kim relies on *In re Short*, 232 F.3d 1018 (9th Cir.2000), to demonstrate that when a divorce decree includes a debt and the terms of its repayment, the debt falls within § 523(a)(15).

In *In re Short*, Ms. Short loaned the debtor, Mr. Short, $50,000 before they married to allow him to pay off obligations he had incurred in a prior divorce and to purchase business equipment. The couple then married and later entered into a post-nuptial agreement, which provided that if the parties separated or divorced prior to the three-year anniversary of their marriage, Mr. Short would pay Ms. Short the $50,000 with no interest in minimum payments of $500 per month. A few weeks after executing the post-nuptial agreement, the parties separated. Ultimately, the court entered a dissolution decree incorporating the agreement.

Several years later, Mr. Short filed a Chapter 7 bankruptcy petition. Ms. Short then filed an adversary complaint to determine that the debt set forth in the dissolution decree was nondischargeable under § 523(a)(15). Like Michael Hall in this case, Mr. Short argued that the debt was not "incurred in the course of a divorce or separation" since Ms. Short loaned him the money before their divorce, indeed before their marriage.

The Ninth Circuit, in affirming the nondischargeability of the debt, reasoned that where the divorce decree expressly incorporated the debt's repayment terms, the debt was "incurred in the course of a divorce or separation" within the meaning of § 523(a)(15):

> [S]ignificantly, the decree of dissolution ... provided that Mr. Short "owed to [Ms. Short] $41,450" at 8.469% interest and that Mr. Short would "pay the sum of $600 per month to [Ms. Short] until such time as the loan [was] paid." Mr. Short's contention that his $50,000 loan from Ms. Short is not divorce-related, even though the terms of its repayment were expressly incorporated into the decree of dissolution, lacks merit.[14]

This court agrees with the Ninth Circuit's analysis.

Accordingly, this court rules that § 523(a)(15) applies as a matter of law because the debt at issue here is "not of the kind" described in § 523(a)(5) and was incurred by Michael in the course of his divorce and in connection with the separation agreement and the state court's divorce decree.

Because Kim has met her initial burden to show that Michael incurred the debt in the course of a divorce or separation, the burden now shifts to Michael Hall to show either that he is unable to pay the debt under § 523(a)(15)(A) or that a discharge's benefit to him would outweigh the detri-

---

**13.** *See, e.g., In re Carney*, 1999 WL 395373, *4 (Bankr.E.D.Pa.1999)(and cases cited therein).

**14.** *In re Short*, 232 F.3d at 1022–23.

mental consequences to Kim under § 523(a)(15)(B).

IT IS THEREFORE ORDERED that plaintiff Kim Hall's motion for summary judgment is granted. The court finds that the debt falls within § 523(a)(15) as a non-alimony or support obligation "incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement or divorce decree." The Bankruptcy Clerk of Court is directed to set this matter for status conference to permit the court and counsel to work toward an evidentiary hearing on the exceptions in §§ 523(a)(15)(A) or (B).