COOK, Circuit Judge.
Edgar Vitek appeals an order of the bankruptcy appellate panel affirming a bankruptcy court’s refusal to discharge Vitek’s debt to Sandra Spiezio. Because Vi *30 tek’s failure to produce evidence of his inability to pay the debt renders him ineligible for a discharge of that debt, we affirm.
I
After more than twenty years of marriage, Vitek and Spiezio divorced. As part of the property settlement, Vitek agreed to make monthly payments to Spiezio. Vitek eventually claimed to be unable to continue making the monthly payments and commenced Chapter 7 bankruptcy proceedings, listing his debt to Spiezio as $77,000.00. Spiezio filed an adversary proceeding contesting Vitek’s entitlement to discharge and challenging the discharge-ability of the marital property settlement. The bankruptcy court granted Vitek a general discharge, but denied him a discharge of the property settlement debt to Spiezio.
Vitek sought discharge of the usually non-dischargeable property settlement debt under the inability-to-pay exception of 11 U.S.C. § 523. The bankruptcy court recognized that while most divorce property settlements are nondischargeable in bankruptcy, there are two exceptions: (1) if the debtor proves his inability to pay such debt, or (2) if the discharge would benefit the debtor more than it would harm the debtor’s former spouse and children. 11 U.S.C. § 523(a)(15) (2003). A debtor bears the burden of proving by a preponderance of the evidence that a debt meets one of these exceptions and is thus dischargeable. See Grogan v. Garner, 498 U.S. 279, 291, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991); Davis v. Cox, 356 F.3d 76, 95 (1st Cir.2004); Gamble v. Gamble (In re Gamble), 143 F.3d 223, 226 (5th Cir.1998). The bankruptcy court concluded that Vitek did not meet the burden for either exception; the bankruptcy appellate panel (BAP) affirmed.
On appeal, Vitek argues that the court erred in concluding that his debt to Spiezio does not meet the first exception, requiring debtors to prove that:
the debtor does not have the ability to pay such debt from income or property of the debtor not reasonably necessary to be expended for the maintenance or support of the debtor or a dependent of the debtor and, if the debtor is engaged in a business, for the payment of expenditures necessary for the continuation, preservation, and operation of such business ....
11 U.S.C. § 623(a)(15)(A) (2003).
II
Although Vitek’s appeal comes to this court by way of the BAP, our review is of the bankruptcy court’s decision. Koenig Sporting Goods, Inc. v. Morse Rd. Co. (In re Koenig Sporting Goods, Inc.), 203 F.3d 986, 988 (6th Cir.2000). We review findings of fact for clear error and conclusions of law de novo. Unsecured Creditors’ Comm. of Highland Superstores, Inc. v. Strobeck Real Estate, Inc. (In re Highland Superstores, Inc.), 154 F.3d 573, 576 (6th Cir.1998).
III
Vitek argues that the bankruptcy court erred in finding that he was able to pay the balance of the property settlement because it relied on the wrong schedules and failed to consider evidence regarding his living and business expenses. Vitek contends that if the court properly viewed this information, it would have found that he was not able to pay Spiezio. The bankruptcy court, however, never concluded that Vitek possessed the ability to pay the property settlement debt. Rather, the court concluded that Vitek failed to carry his burden of presenting evidence that would enable the court to determine his *31 ability to pay. According to the bankruptcy judge, Vitek did not provide: (1) current information on the fair market value of his real property so as to allow judicial determination about any available equity; (2) sufficient data to permit valuation of Vitek’s business equipment and inventory, (3) information necessary to assess the highest and best use of his real property, or (4) information relevant to assessing whether Vitek’s expenses could be reduced by liquidating his real estate. Since the missing pertinent financial information prevented proper judicial evaluation of Vitek’s ability to pay-and he bore the burden of proof-his argument that the court used the wrong schedules or evidence lacks merit. The court simply decided it could not make the call in the absence of additional financial information. Thus Vitek did not prove to the court by a preponderance of the evidence that he met one of two exceptions to non-disehargeabilty under § 523(a)(15)(A).
IV
Vitek next contends that although he failed to supply evidence regarding his real property’s value, the court should have viewed the property as valueless in light of the trustee having abandoned it. Vitek cites the “Trustee’s Report of No Distribution” in support. But that report evidences only the trustee’s conclusion that the estate included no exempt property available for distribution, not that the property was valueless or that he was abandoning the property. Moreover, distinctions exist between a trustee’s decision to abandon property and a finding that the property is worthless in the hands of the debtor. A trustee may elect to abandon property burdensome to the estate or of inconsequential value and benefit to the estate. 11 U.S.C. § 554(a) (1993). The trustee’s treatment of the real estate compelled no conclusion on the part of the bankruptcy court as to its value.
V
Vitek next questions on the grounds of relevance, the bankruptcy court’s reference to the nondischargeability of spousal support, given that the parties stipulated that this was a property settlement and not spousal support. On review, we assess this reference as appropriate. The bankruptcy court referenced the nondischargeability of spousal support only to provide context for the pertinent discussion of the 11 U.S.C. § 523(a)(15) exceptions. The court acknowledged Vitek’s debt to Spiezio to be a property settlement and did not, as Vitek suggests, “ignore the pleadings [ ] and ‘manufacture’ other pleadings after trial testimony [was] completed.” Appellant’s Brief at 34.
VI
Vitek also complains on appeal that the bankruptcy court demonstrated a predisposition to rale in Spiezio’s favor by (1) denying Vitek’s motions for summary judgment and sanctions, (2) hinting to Spiezio that she should proceed under a different provision of the bankruptcy code, (3) extending the time for filing post-trial memoranda, (4) entering the decision the day after Christmas so as to impede the filing of an appeal, and (5) relying on law review articles to extend the case beyond the pleadings. Despite perceiving a predisposition on the part of the trial judge, Vitek never moved to have the judge removed. This court normally forgoes consideration of such waived issues. In light of the serious nature of the claim, however, the bankruptcy appellate panel elected to review it and found the assignment of error without merit.
Upon reviewing Vitek’s various charges of bias, we too find no merit because “a *32 reasonable, objective person, knowing all of the circumstances, would not have questioned [the judge’s] impartiality.” United States v. Hough, 276 F.3d 884, 899 (6th Cir.2002) (citation omitted).
We reject each of Vitek’s reasons for concluding the bankruptcy judge was biased. First, the bankruptcy judge’s rulings on Vitek’s motions for summary judgment and sanctions, together with the court’s extension of the deadline for filing post-trial memoranda, were not unreasonable and thus do not support his bias claim. Second, the court’s citing to law review articles merely provided a framework for its decision, not a divergence from the record. Third, we find that when the court asked Spiezio’s counsel, “Am I correct in my understanding, Mr. Mittman that you’re still going under 727 and 523,” it was not hinting that Spiezio should amend her complaint to proceed under a different section of the code. J.A. at 196. The court suggested no alternative avenue, nor otherwise guided Spiezio’s counsel, as Vitek intimates. Finally, Vitek’s objection to the timing of the fifing of the court’s opinion ascribes an ulterior motive of discouraging appeal that this court rejects as groundless.
VII
Last, Vitek claims the bankruptcy court improperly looked to Spiezio’s financial need when determining Vitek’s ability to pay under § 523(a)(15)(A). Our review, like that of the BAP, confirms that the court’s interest in Spiezio’s financial situation concerned the question of whether the benefit to Vitek from a discharge of the debt would outweigh the detrimental consequences to Spiezio, an appropriate inquiry under § 523(a)(15)(B). Contrary to Vitek’s briefing, the bankruptcy court did not confuse the § 523(a)(15)(A) and (B) inquiries. The court properly concluded that Vitek was not entitled to a discharge under either section.
VIII
We thus affirm the bankruptcy appellate panel’s decision upholding the bankruptcy court’s decision.