United States Court of Appeals
Fifth Circuit

**F I L E D**

September 10, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-11113
_____

In the Matter of: KEVCO INC.

Debtor
_____

PAM CAPITAL FUNDING LP; ML CBO IV (CAYMAN) LTD;
HIGHLAND LEGACY LIMITED; PAMCO CAYMAN LIMITED;
PROSPECT STREET HIGH INCOME PORTFOLIO INC.,

Appellants,

versus

NATIONAL GYPSUM CO.; BBC DISTRIBUTION LLC;
DAN R. HARDIN; DALE LEDBETTER;
DENNIS FAULKNER, Plan Administration Agent for Kevco Inc.;
BANKS CORPORATION,

Appellees.
_____

Appeal from the United States District Court
for the Northern District of Texas
District Court Cause No. 02-CV-745
_____

Before DAVIS, EMILIO M. GARZA and PRADO, Circuit Judges.[1]

PER CURIAM.

In this appeal, the plaintiffs-appellants challenge the

bankruptcy court's denial of their motion to remand. The

bankruptcy court denied the motion because it determined the

_____

[1]Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIRCUIT
RULE 47.5.4.

1

plaintiffs-appellants' claims against the defendants-appellees are property of the debtor's estate.  The plaintiffs-appellants appealed to the district court and later moved to amend their complaint.  The district court, sitting as an appellate court, denied the motion to amend and affirmed the bankruptcy court's order denying the motion to remand.

This court reviews the decision of the district court sitting as an appellate court by applying the same standards of review the district court applied to the bankruptcy court.[2]  Like the district court, this court reviews the bankruptcy court's conclusions of law de novo.[3]  This court reviews the denial of a motion to amend for an abuse of discretion.[4]

The plaintiffs-appellants argue that the bankruptcy court erred by determining that their claims belong to the debtor's estate.  Whether a claim is property of the estate depends upon (1) the nature of the injury, and (2) whether under state law the debtor could have raised the claim as of the commencement of the case.[5]  If the plaintiff complains about an injury which derives from harm to the debtor, and the debtor could have raised a claim

---

[2]*See In re Jack/Wade Drilling, Inc.*, 258 F.3d 385, 387 (5th Cir. 2001).

[3]*See In re Gamble*, 143 F.3d 223, 225 (5th Cir. 1998).

[4]*See Herrmann Holdings Ltd. v. Lucent Technologies Inc.*, 302 F.3d 552, 558 (5th Cir. 2002).

[5]*See Matter of Educators Group Health Trust*, 25 F.3d 1281, 1284 (5th Cir. 1994).

2

for its direct injury, then the cause of action belongs to the estate.[6]  Here, the bankruptcy court did not err because the debtor could have brought the same claims as of the commencement of the bankruptcy proceeding,[7] and because the plaintiffs-appellants complain about an injury that is derivative of the debtor's direct injury.

The plaintiffs-appellants also contend that the bankruptcy court failed to follow the well-pleaded complaint rule in determining whether federal jurisdiction exists.  Under the well-pleaded complaint rule, federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.[8]  In their complaint, the plaintiffs-appellants alleged claims that belong to the debtor's estate.  Because the bankruptcy court has jurisdiction over the property of the estate,[9] federal jurisdiction existed based on the face of the complaint.  Thus, the bankruptcy court did not err.

---

[6]*See id.*

[7]*See Holloway v. Skinner*, 898 S.W.2d 793 (Tex. 1995) (corporate officer can be held liable for interfering with a contract between officer's corporation and a creditor).

[8]*See Terrebonne Homecare, Inc. v. SMA Health Plan*, Inc., 271 F.3d 186, 188 (5th Cir. 2001); *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 922 (5th Cir. 1997).

[9]*See* 28 U.S.C § 1334(e) (the district court in which a bankruptcy case is pending shall have exclusive jurisdiction over property in the debtor's estate); 28 U.S.C. § 157(a) (district court may refer bankruptcy matters to bankruptcy court).

The plaintiffs-appellants also complain that the bankruptcy court failed to remand their case after the defendants-appellees filed their notice of removal in the wrong division. The plaintiffs-appellants suggest the defect is a jurisdictional bar to the bankruptcy court's actions and maintain the bankruptcy court erred by requiring them to demonstrate harm. Removal to the wrong division is procedural, not jurisdictional.[10] Under the harmless error rule, the court must disregard any error or defect which does not affect the substantial rights of the parties.[11] Here, the plaintiffs-appellants' case would have been assigned to the same bankruptcy judge even if the defendants-appellees had filed the notice of removal in the proper division.[12] The bankruptcy court did not err by requiring the plaintiffs-appellants to show they were harmed by the notice being filed in the wrong division.

Finally, the plaintiffs-appellants complain that the district court abused its discretion by denying their motion to

---

[10]*See Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 645 (5th Cir. 1994).

[11]*See* FED. R. CIV. P. 61 (harmless error rule); FED. R. BANKR. P. 9005 (harmless error rule applies to bankruptcy proceedings).

[12]*See* Procedure for Removal, N.D. Tex., Apr. 12, 2001 (if removal is based on a bankruptcy case pending in the district, the clerk will assign an adversary proceeding number and assign the case to the judge handling the related bankruptcy case).

amend their complaint to add new claims.[13]  The district court

does not abuse its discretion by denying a motion to amend where

the plaintiff unduly delays in seeking an amendment and offers no

explanation for the delay.[14]  The plaintiffs-appellants'

additional claims are based on representations allegedly made to

them in October 2000.  The falsity of those representations

should have been apparent when the debtor filed for bankruptcy in

February 2001, yet the plaintiffs-appellants did not explain why

they waited until February 2003, over two years later, to seek to

add the claims to their lawsuit.  Under these circumstances, the

district court did not abuse its discretion.

For the reasons discussed in this opinion, this court

AFFIRMS the district court's judgment affirming the bankruptcy

court's order.

AFFIRMED.

---

[13]The defendants-appellees did not cross-appeal with regard
to whether the district court properly withdrew the referral to
the bankruptcy court before exercising original jurisdiction over
the plaintiffs-appellants' motion to amend their complaint, and
this court does not address that issue.

[14]*See S&W Enter., L.L.C. v. SouthTrust Bank of Ala.*, 315
F.3d 533, 536 (5th Cir. 2003) (district court did not abuse its
discretion by denying motion to amend complaint filed after
deadline for amending pleadings and long after judicial decision
that precipitated proposed amendment, and plaintiff offered no
explanation for delay); *Herrmann Holdings Ltd.*, 302 F.3d at 567
(district court did not abuse its discretion in denying motion to
amend where plaintiff had ample opportunity to amend his
pleadings).