United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 22, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

———————————————

No. 04-40553

———————————————

In The Matter Of:  LIGHTHOUSE BAR & GRILL, INC.,
doing business as The Landing, doing business as Lighthouse
Restaurant and Oyster Bar, doing business as Bay at the
Moon Comedy Club, doing business as The Marina Room;
LIGHTHOUSE LIQUIDATING TRUST; T-HEAD
MARINA, LLC.,

                                          Debtors.

- - - - - - - - - - - - - - - - - -

PROGRESSIVE STRUCTURES, INC.,

                                          Appellant,

        v.

WILLIAM O. HARRISON, JR.; KATHY HARRISON;
JORDAN HYDEN WOMBLE & CULBRETH, P.C.

                                          Appellees.

———————————————————————————————————

Appeal from the United States District Court for
the Southern District of Texas
(USDC No. 2:03-CV-220)

———————————————————————————————————

Before REAVLEY, HIGGINBOTHAM and DeMOSS, Circuit Judges.

REAVLEY, Circuit Judge:[*]

Progressive Structures, Inc. appeals the order of the district court denying its request for relief from an order confirming the bankruptcy plan of debtors T-Head Marina, L.L.C. and Lighthouse Bar & Grill, Inc. We affirm.

T-Head entered into a remodeling contract with Progressive. Appellees William and Kathy Harrison signed personal guaranties for the remodeling work. The bankruptcy court, on more than one occasion, granted relief from the bankruptcy stay to allow Progressive to pursue a state court action it had filed against T-Head and the Harrisons. However, the reorganization plan whose confirmation is the subject of this appeal released the Harrisons from their guaranties even though they were not the debtors.

Progressive seeks relief from the confirmation order under FED. R. CIV. P. 60(b)(4) and 60(b)(1). The bankruptcy court denied relief and the district court affirmed the bankruptcy court. Generally, we apply the same standards of review to a bankruptcy court decision that the district court applies. In re Pro-Snax Distributors, Inc., 157 F.3d 414, 419-20 (5th Cir. 1998). We review a bankruptcy court's findings of fact under a clearly erroneous standard and decide issues of law de novo. In re Gamble, 143 F.3d 223, 225 (5th Cir. 1998). The district court's decision to deny Rule 60(b) relief is

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

reviewed for abuse of discretion.  Provident Life & Accident Ins. Co. v. Goel, 274 F.3d 984, 997 (5th Cir. 2001).

The district court did not err in denying relief from the confirmation order under the theory that relief was warranted under Rule 60(b)(4) because the bankruptcy court lacked jurisdiction to release the Harrisons from their guaranties.  In Republic Supply Co. v. Shoaf, 815 F.2d 1046 (5th Cir. 1987), a creditor sued a guarantor in federal district court.  While this suit was pending, a bankruptcy court approved a confirmation plan for the debtor-borrower that released the guarantor.  As in the pending case, the guarantor did not appeal the confirmation order on grounds that the bankruptcy court could not release the guarantor.  We held that even if as a matter of bankruptcy law the bankruptcy court erred in releasing the guarantor who was not the bankruptcy debtor, the elements of res judicata were met and the creditor's suit in district court was therefore barred.  We held that each element of res judicata was met, including the element that the judgment in the bankruptcy case was entered by a court of competent jurisdiction.  Id. at 1051-53.  While Shoaf does not present factual and procedural circumstances identical to those of the pending case, they are sufficiently similar to those in the pending case to constitute a holding that binds us and requires rejection of the contention that the bankruptcy court lacked jurisdiction to release the Harrisons from their guaranties.

Nor can Progressive prevail under a theory that the bankruptcy court, through its own rulings, divested itself of the jurisdiction it otherwise had to enter a confirmation order releasing the Harrisons.  We agree with the bankruptcy court, which explained:

3

This Court's lifting of the stay allowed the State Court to go forward, but was not an abandonment of the Court's jurisdiction over estate assets, or its jurisdiction to adjust the rights of a creditor pursuant to a plan, or its jurisdiction to grant a release to a party providing sufficient consideration for such release.

This leaves the issue of whether Progressive was entitled to relief for excusable neglect under Rule 60(b)(1). The district court enjoys considerable discretion in determining whether a party has established excusable neglect under Rule 60(b)(1). Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 173 (5th Cir. 1990). Both the bankruptcy court and the district court found that Progressive was served with a copy of the plan and confirmation order in issue. Progressive does not demonstrate that these findings are clearly erroneous. Nor does Progressive point to circumstances persuading us that the courts below otherwise abused their discretion in declining to grant relief under Rule 60(b)(1).

AFFIRMED.