# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 6, 2013

No. 12-30525

Lyle W. Cayce
Clerk

IN THE MATTER OF: KENNETH JOSEPH KINKADE,

Debtor,

KENNETH JOSEPH KINKADE,

Appellant,

v.

IRENE KINKADE,

Appellee.

Appeal from the United States District Court
for the Eastern District of Louisiana

Before REAVLEY, PRADO, and ELROD, Circuit Judges.

JENNIFER WALKER ELROD, Circuit Judge:

This bankruptcy appeal asks whether a $43,675.50 debt (the "Debt") that Appellant Kenneth Kinkade ("Kinkade") owes his now-ex wife Irene Porter Kinkade ("Porter") is dischargeable in bankruptcy. Relying on Section 523(a)(15) of the Bankruptcy Code, the bankruptcy court—and the district court on appeal—answered no. We agree, and AFFIRM the judgment of the bankruptcy court.

No. 12-30525

I.

The facts of this case are undisputed. Porter loaned Kinkade two sums of money to support Kinkade's separate business: $23,675.50 before the parties' marriage, and $20,000 during the marriage. Both amounts came from Porter's separate property.

Porter and Kinkade divorced in 2006. In the course of the divorce proceedings, the state court entered a judgment that Kinkade owed Porter the Debt. Specifically, the state-court judgment provided that: (1) $9,923.79 in proceeds from a property sale was community property; (2) Kinkade owed Porter $43,675.50 (the Debt), plus interest; and (3) "in the event that $9,923.79 [from the property sale] is located, all of these funds are awarded to Irene Porter Kinkade and one-half of said funds, or $4,961.89 shall be credited to [Kinkade's] obligation to [Porter]."

Kinkade filed a Chapter 7 bankruptcy petition in February 2011. Porter initiated this adversary proceeding to contest discharge of the Debt in the course of Kinkade's bankruptcy. On consideration of the parties' cross motions for summary judgment, the bankruptcy court concluded that Kinkade incurred the Debt in the course of the parties' divorce and, therefore, the Debt was exempt from discharge pursuant to Section 523(a)(15) of the Bankruptcy Code. It granted summary judgment in Porter's favor, and the district court affirmed on appeal.

II.

"This court reviews the bankruptcy court's grant of summary judgment *de novo*, using the same standard employed by the district court." *Shcolnik v. Rapid Settlements Ltd.* (*In re Shcolnik*), 670 F.3d 624, 627 (5th Cir. 2012). Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When determining whether a fact issue exists, this court views

2

No. 12-30525

"the facts and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003).

The central question on appeal is whether Section 523(a)(15) of the Bankruptcy Code applies to the Debt. The statute provides that a debt:

> to a spouse, former spouse, or child of the debtor and not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, or a determination made in accordance with State or territorial law by a governmental unit

is exempt from discharge.[1] 11 U.S.C. § 523(a)(15). The bankruptcy court concluded that "[t]he state court proceedings were undoubtedly separation or divorce proceedings, so this debt fits squarely within the clear language of § 523(a)(15)."

Kinkade contests the bankruptcy court's decision on two grounds. First, he argues that Section 523(a)(15) applies only to community debts, not separate obligations like the one at issue here. The statutory text suggests no such distinction, and Kinkade cites no precedent on point.[2] As the bankruptcy court properly noted, "in determining whether a debt is non-dischargeable under . . .

---

[1] Paragraph (5) relates to debts arising out of a domestic support obligation.

[2] Kinkade relies on the Seventh Circuit's decision in *Matter of Crosswhite*, 148 F.3d 879 (7th Cir. 1998), to support his position. In *Crosswhite*, the Seventh Circuit analyzed the applicability of a now-deleted subpart of Section 523(a)(15). *Id.* Although the court used the terms "marital" and "joint" to describe the debts at issue, it did not hold that—or even consider whether—a debt must arise out of a community obligation to be nondischargeable pursuant to Section 523(a)(15). *Id.* at 881-88. To the contrary, the *Crosswhite* court emphasized that Congress enacted the provision "to broaden the types of marital debts that are nondischargeable beyond those described in subsection (a)(5)," recognizing that "state protection for a divorced spouse and dependent children is no longer a simple matter of alimony and support payments." *Id.* at 887. "Property settlement arrangements are considered important components of the protection afforded individuals who, during the marriage, depended on the debtor for their economic well-being." *Id.*

No. 12-30525

§ 523(a)(15), it does not matter whether the debt was a community debt or a separate debt." The statutory language requires only that the debt be "incurred by the debtor in the course of a divorce or separation." 11 U.S.C. § 523(a)(15).[3] Thus, Kinkade's first argument is without merit.

Second, Kinkade argues that Section 523(a)(15) does not apply to the sum of money that Porter loaned him ($23,675.50) before the parties' marriage. According to Kinkade, Porter's right to reimbursement is a contractual one, not a marital one, and cannot "suddenly gain additional status by being included in a petition for divorce and partition." To hold otherwise, Kinkade argues, would be to recognize common-law marriage in contravention of Louisiana law.

Kinkade cites *Schwegmann v. Schwegmann* in support of his argument. There, a woman sought a portion of the personal property of her longtime partner, whom she lived with but never married, based on a verbal agreement that the two would "share everything." 441 So. 2d 316, 320–24 (La. App. 5th Cir. 1983). A Louisiana appellate court rejected the claim, noting that "[u]nder present Louisiana law, unmarried cohabitation does not give rise to property rights analogous to or similar to those of married couples." *Id.* But here, unlike in *Schwegmann,* Porter and Kinkade *did* marry, and the state court resolved their obligations to one another —including the Debt—in the course of their divorce proceeding. Thus, *Schwegmann* is inapposite.

---

[3] This court has already rejected the related proposition that Section 523(a)(15) "was not meant to apply to all property settlement debts between husband and wife, but instead only to those situations where the debtor has agreed to indemnify his former spouse against a marital debt owed to a third party in exchange for lower alimony payments or a more favorable property settlement," calling it "contrary to the statutory language." *Matter of Gamble*, 143 F.3d 223, 225 (5th Cir. 1998). Other courts have reached the same conclusion. *See, e.g.*, *In re Radulovic*, No. BAP-WW-06-1040-MCKD, 2006 WL 6811000, *3 (9th Cir. Sept. 29, 2006) (citing *Gamble*, 143 F.3d at 225) ("The courts have had no difficulty determining that a debt owed directly to a former spouse and not based on an indemnity obligation may be nondischargeable under § 523(a)(15)."); *see also Short v. Short (In re Short)*, 232 F.3d 1018 (9th Cir. 2000) (affirming a bankruptcy court's determination that debt based on a pre-marriage loan from one spouse to the other was nondischargeable under Section 523(a)(15)).

4

No. 12-30525

Holding the debt nondischargeable pursuant to Section 523(a)(15) does not equate with "recognizing" common-law marriage in Louisiana. Section 523(a)(15) leaves it to the state court to decide whether a property right is properly addressed in divorce proceedings, or as a separate contractual claim. Only after the state court has made that determination can Section 523(a)(15) have any effect. Here, the Louisiana court determined that the Debt, including the first $23,675.50 Porter loaned to Kinkade, was more than a mere contractual obligation unrelated to the marriage. Applying Section 523(a)(15) in this case merely recognizes the state court's application of its own law; it does not, as Kinkade suggests, "rewrite the community property laws" of Louisiana. Thus, Kinkade's second argument fails.

The court concludes that the debt is nondischargeable under Section 523(a)(15) of the Bankruptcy Code. The judgment of the bankruptcy court is AFFIRMED.