[No. B037168. Second Dist., Div. Three. Nov. 7, 1989.]

■Guardianship of JENNIFER PADUANO, a Minor
LINDA PADUANO, Objector and Appellant, v.
SABRINA PADUANO, Movant and Respondent.

## COUNSEL

Neal R. Safran and Jay S. Rothman for Objector and Appellant.

Frances E. Stivers-Huffaker for Movant and Respondent.

OPINION

DANIELSON, Acting P. J.—Linda Paduano (Linda) appeals[1] from an order dated August 17, 1988, awarding attorneys' fees and costs to Sabrina Paduano De Alba (Sabrina) in the amount of $10,000 pursuant to Civil Code[2] section 4370, subdivision (a).

FACTUAL AND PROCEDURAL STATEMENT

On February 12, 1986, the Los Angeles County Superior Court, Northwest District branch, entered a judgment for dissolution of the marriage between Sabrina and Robert Paduano (Robert). Legal custody of their daughter, Jennifer Paduano (Jennifer), a minor, born August 2, 1981, was awarded jointly to Sabrina and Robert. Primary physical custody of Jennifer was awarded to Robert, and Sabrina was awarded secondary physical custody.

On December 17, 1987, the judgment was modified pursuant to stipulation to provide that primary physical custody was awarded to Sabrina, and secondary physical custody was awarded to Robert.

Also on December 17, 1987, Linda, Robert's sister and Jennifer's aunt, commenced another proceeding by filing a petition to be appointed guardian of Jennifer's person in the North Valley District branch of the Los Angeles Superior Court.

On December 30, 1987, Linda filed a supplement to the petition for appointment of guardian which contained representations by seven declarants to the effect that Jennifer had been subjected to physical and emotional abuse while in Sabrina's custody.

Supplement items 8 and 9, i.e., "Letters from Dr. E. Kent Ackley" and "Information for Guardianship Investigation Pursuant to 1543 Probate Code" are not in the record, which is an appellant's appendix.

---

[1] Although the notice of appeal specifies that the appeal is also taken from the order dated August 2, 1988, denying Linda's petition for guardianship, we deem her failure to address that order in her brief to be an abandonment of her appeal in that regard.

[2] All further section references are to the Civil Code unless otherwise specified.

Linda filed an amended petition for appointment of guardian on January 11, 1988.

On January 12, 1988, the Northwest District branch of the court ordered the guardianship proceeding pending in the North Valley District branch to be transferred to the Northwest District branch and consolidated with the dissolution proceeding pending in the Northwest District branch for further hearing of all issues.

On August 1, 1988, Sabrina's attorney, Frances E. Stivers-Huffaker filed a motion for attorneys' fees and costs, supported by a declaration setting forth the factual basis of Sabrina's claim for attorneys' fees and costs, in the amount of $11,145 and $141 respectively.

Following a hearing on August 2, 1988, the court denied Linda's petition for guardianship and ordered her to pay the cost of a probation report. The court expressly found: "It is not in the best interest of Jennifer to be taken from the custody of the parents and it is not a detriment to be in the custody of the parents. [¶] The parents and Bill Young are credible witnesses and their evidence shows mother's home is an appropriate place for the minor and the record is devoid of credible evidence that anything improper has been occurring against Jennifer. . . . [¶] Record is devoid of evidence of child abuse."

The court took Sabrina's motion for attorneys' fees under submission after argument.

On August 17, 1988, the court ruled that it had jurisdiction to award attorneys' fees and costs pursuant to section 4370, subdivision (a) (section 4370(a)), and ordered Linda to pay $10,000 as attorneys' fees directly to Sabrina's attorney. In so doing, the court specifically found that Linda had the ability to pay such award, that the amount of fees and costs incurred by Sabrina exceeded $10,000, and that the award of fees and costs was necessary.

## ISSUES PRESENTED

Two issues are raised in this appeal: (1) Does the court have jurisdiction to award attorneys' fees and costs pursuant to section 4370(a), where custody of a minor is at issue in a guardianship proceeding which has been consolidated with a family law proceeding?; and (2) If so, did the court abuse its discretion in awarding $10,000 as attorneys' fees and costs?

## DISCUSSION

I. *Propriety of Award of Attorneys' Fees and Costs under Section 4370(a) in a Guardianship Proceeding Consolidated With a Family Law Proceeding.*

 The thrust of Linda's argument is that an award of attorneys' fees and costs against her, as the petitioner in a guardianship proceeding seeking guardianship of a minor, is not authorized by section 4370(a). She argues that the consolidation of the two proceedings did not convert the guardianship proceeding into a family law proceeding, and that section 4370(a)[3] authorizes the award of attorneys' fees and costs only in family law matters. As authority, she relies primarily on *McClure* v. *Donovan* (1949) 33 Cal.2d 717 [205 P.2d 17].

We find Linda's reliance on *McClure,* which is factually inapposite, to be misplaced. The *McClure* case involved the consolidation of an action to annul the marriage of Jefferson D. Caruthers to Laura Alpha Donovan, on the ground that Caruthers was mentally incompetent at the time of the marriage, with a proceeding to appoint Louis A. Ghiotto as guardian of Caruthers's person and estate on the ground of incompetency.

In *McClure* our Supreme Court held that where, as in that case, the order for consolidation was for the limited purpose of saving the court time by avoiding repetition of overlapping evidence on related issues, "separate findings and judgments must be made in each case in disposition of the particular issues as independently submitted." (*McClure* v. *Donovan, supra,* 33 Cal.2d at p. 722.)

In the present case the guardianship proceeding was not consolidated with the family law action solely to save the court time regarding repetitious

---

[3] Section 4370(a) provides: "During the pendency of any proceeding under this part, the court may order any party, except a governmental entity, to pay such amount as may be reasonably necessary for the cost of maintaining or defending the proceeding and for attorneys' fees; and from time to time and before entry of judgment, the court may augment or modify the original award for costs and attorneys' fees as may be reasonably necessary for the prosecution or defense of the proceeding or any proceeding related thereto, including after any appeal has been concluded. In respect to services rendered or costs incurred after the entry of judgment, the court may award such costs and attorneys' fees as may be reasonably necessary to maintain or defend any subsequent proceeding, and may augment or modify any award so made, including after any appeal has been concluded. Attorneys' fees and costs within the provisions of this subdivision may be awarded for legal services rendered or costs incurred prior, as well as subsequent, to the commencement of the proceeding. Any order for a party who is not the husband or wife of another party to the proceedings to pay attorneys' fees or costs shall be limited to an amount reasonably necessary to maintain or defend the action on the issues relating to that party."

evidence. Instead, consolidation was ordered because the primary subject matter, and the object of both proceedings, was the same: custody of the minor, Jennifer. Who is entitled to custody of the minor is the primary issue in a guardianship proceeding. (See, e.g., *Guardianship of Smith* (1957) 147 Cal.App.2d 686, 691, 693 [306 P.2d 86].) ■ "Custody" is defined as "[t]he act or right of guarding, esp. such a right granted by a court." (The American Heritage Dict. (2d college ed. 1982) p. 357; *E. W. Bliss Company* v. *Superior Court* (1989) 210 Cal.App.3d 1254, 1258, fn. 2 [258 Cal.Rptr. 783].) In a family law proceeding the court "has jurisdiction to inquire into and render any judgment and make such orders as are appropriate concerning . . . the custody and support of minor children of the marriage . . . and the award of attorneys' fees and costs . . . ." (§ 4351.)

■ The standard for awarding custody of a minor child of a marriage is the same whether the issue of custody arises in a guardianship proceeding or a custody proceeding in a dissolution action. "Before the court makes any order awarding custody to a person or persons other than a parent, without the consent of the parents, it shall make a finding that an award of custody to a parent would be detrimental to the child and the award to a nonparent is required to serve the best interests of the child." (§ 4600, subd. (c); *In re B. G.* (1974) 11 Cal.3d 679, 694-695 [114 Cal.Rptr. 444, 523 P.2d 244].) It is therefore clear that the parents of a minor of a marriage are entitled to preference over a nonparent in either a guardianship proceeding or a custody proceeding in a dissolution action. (See *Guardianship of Smith* (1954) 42 Cal.2d 91, 92 [265 P.2d 888, 37 A.L.R.2d 867].)

Accordingly, in the case at bench, since custody of the minor child of the marriage was the basic issue in both proceedings, no separate findings or judgments were appropriate, and none were made in the respective consolidated proceedings. (See *McClure* v. *Donovan, supra,* 33 Cal.2d 717, 721-722; see generally, Code Civ. Proc., § 1048, subd. (a);[4] cf. *Walker* v. *Walker* (1960) 177 Cal.App.2d 89, 91-92 [1 Cal.Rptr. 871].)

■ It is established that the family law court has continuing exclusive jurisdiction over custody awards of minor children of a marriage. No other court therefore has jurisdiction to appoint a guardian of the persons of such minors. (See, e.g., *Greene* v. *Superior Court* (1951) 37 Cal.2d 307, 311 [231 P.2d 821]; see generally, 32 Cal.Jur.3d., Family Law, § 228, p. 271; 35 Cal.Jur.3d (rev.) pt. 2, Guardianship and Conservatorship, § 47, p. 321.)

[4] Code of Civil Procedure section 1048 provides in pertinent part: "(a) When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay."

■ Based on the foregoing we hold that attorneys' fees and costs under section 4370(a) may be awarded by the court when a guardianship proceeding is consolidated with a family law proceeding and the issue to be resolved is custody of a minor child of the marriage.

II. *Was the Award of Fees and Costs in the Sum of $10,000 an Abuse of Discretion?*

■ Linda attacks the award of fees and costs in the sum of $10,000 on the grounds the record is devoid of any evidence to show: (1) Such fees and costs were incurred solely in connection with the guardianship proceeding as opposed to the family law proceeding; (2) Such award is justified by Sabrina's need therefor; and (3) Linda has the ability to pay the award.

We reject Linda's position as meritless. Because of the consolidation order, the guardianship and family law proceedings were one and the same, and thus, no segregation of fees and costs was necessary. As for Sabrina's need for the award, the court had before it evidence of her financial status in the form of an income and expense declaration. The reporter's transcript reveals that the court had before it and considered a report concerning Linda's financial means. That report, however, was not included in the appellant's appendix, which was designated by the appellant, Linda. In the absence of that report in the appellant's appendix all intendments favor the presumption that the trial court's findings were supported by that report. Therefore, the court's award was not an abuse of discretion since it was based upon the evidence before it.

#### DECISION

The order is affirmed.

Arabian, J., and Croskey, J., concurred.