FILED

APR 06 2015

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT



NOT FOR PUBLICATION

## UNITED STATES BANKRUPTCY APPELLATE PANEL

## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: | ) BAP No. CC-14-1416-PaKiTa |
| | ) |
| ERICA ADAM, | ) Bankr. No. 12-12968-PC |
| | ) |
| Debtor. | ) Adv. Proc. No. 12-01295-DS |
| _____ | ) |
| | ) |
| ERICA ADAM, | ) |
| | ) |
| Appellant, | ) |
| | ) |
| v. | ) **M E M O R A N D U M**[1] |
| | ) |
| GREGORY LEE DOBIN, | ) |
| | ) |
| Appellee. | ) |
| _____ | ) |

Argued and Submitted on March 19, 2015
at Pasadena, California

Filed - April 6, 2015

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Deborah J. Saltzman, Bankruptcy Judge, Presiding

———————————

Appearances:    Christopher Charles Gautschi argued for appellant
Erica Adams; Vaughn Michael Greenwalt of Lang,
Hanigan & Carvalho, LLP argued for appellee Gregory
Lee Dobin.

———————————

Before: PAPPAS, KIRSCHER, and TAYLOR, Bankruptcy Judges.

---

[1]   This disposition is not appropriate for publication.
Although it may be cited for whatever persuasive value it may have
(see Fed. R. App. P. 32.1), it has no precedential value. See 9th
Cir. BAP Rule 8024-1.

-1-

Chapter 7[2] debtor Erica M. Adam ("Adam") appeals the judgment of the bankruptcy court declaring that her debt for attorney's fees owed to creditor Gregory Lee Dobin ("Dobin") is excepted from discharge under § 523(a)(15). We AFFIRM.

## I. FACTS

In August 1998, Adam, her spouse at the time, Dobin, and Stefan Adam ("Stefan"),[3] Adam's brother, entered into a partnership they called Equestrian Performance Center (the "Center") to own and operate a horse boarding facility. The Center acquired the property for the horse breeding facility in Moorpark, California (the "Property"). Hildegard Adam ("Hildegard"), Adam's mother and Stefan's aunt, provided $167,000 to the Center in exchange for a 20 percent interest in partnership profits. Title to the Property was held in the names of Hildegard and Stefan.

### The Three Pre-Divorce Bankruptcies

On October 12, 1999, Adam and Dobin filed a chapter 13 bankruptcy petition. Bk. Case No. 99-21852. On their Schedule B, in response to question 13 that directs debtors to list any "interests in partnerships or joint ventures," Adam and Dobin replied "none." The bankruptcy case was converted to a chapter 7 case on November 18, 1999, Dobin and Adam received a discharge on

[2] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, all Rule references are to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037, and all Civil Rule references are to the Federal Rules of Civil Procedure 1-86.

[3] We refer to some persons by first name for clarity; we intend no disrespect.

-2-

March 2, 2000, and the case was closed as a "no asset" case on March 7, 2000.

On August 17, 2000, Adam and Dobin filed another chapter 13 petition. Bk. Case No.00-17500-KT. On their Schedule B in this case, Adam and Dobin again responded "none" to question 13 regarding any partnership interests they may hold. This case was dismissed on October 23, 2000.

On February 5, 2001, Adam and Dobin filed a third chapter 13 petition. Case No. 01-10909-KT. Once again, they responded "none" to the partnership question on Schedule B. The case was dismissed on May 24, 2001.[4]

<h2 align="center">The Family Law and Civil Actions</h2>

On October 24, 2003, Adam filed a petition in the Family Law Division of the Superior Court of California for the County of Ventura (the "Family Court") seeking dissolution of her marriage to Dobin (the "Family Law Action").

On June 24, 2004, Dobin filed a separate action (the "Civil Action") in Family Court against Adam, Hildegard, Stefan, EPC, LLC, and the Center ("the Civil Action Defendants"). In a first amended complaint in the Civil Action, Dobin asserted claims for dissolution of the Center, partition of the Property, and for damages for Adam's alleged breach of contract, fraud in the inducement, and conversion. More particularly, Dobin alleged that: (1) Dobin, Adam, Stefan, and Hildegard had entered into an oral agreement in 2003, which modified the terms of the Center

---

[4] The bankruptcy court would later find that "the interest of Dobin and Adam in [the Center], the business operated by [the Center], and the Property were not disclosed in the schedules and statements" in the three pre-divorce bankruptcy cases.

partnership agreement; (2) Stefan withdrew from the partnership in 2003; (3) it was orally agreed that Adam and Dobin thereafter would hold equitable title to 80 percent of the Center business and Property and that Hildegard would hold a 20 percent equitable interest in the business and Property in satisfaction for the loans she made to start up the business and acquire the Property; (4) it was orally agreed to pay Stefan for his ownership interest but no price was fixed; (5) Hildegard formed EPC, LLC, thereafter; and (6) Hildegard and Adam transferred the assets of the Center into EPC, LLC without Dobin's knowledge and consent.

The Family Court consolidated the Family Law Action and Civil Action for a bench trial, which was held on twenty-two days between 2005 and 2009. On October 29, 2009, the Family Court entered a judgment in the consolidated action (the "Original Judgment") consisting of two parts: one part expressly resolved the Family Law Action; the other resolved the Civil Action.

The Original Judgment was amended on April 20, 2010, to include several rulings not relevant in this appeal, but otherwise incorporating the substance of the Original Judgment (the "Amended Judgment"). The Amended Judgment also contained two components.[5] In its first three pages, the Amended Judgment resolved the claims raised in the Civil Action, wherein the Family Court ruled that: (1) Dobin was awarded $76,200 against the Civil Action Defendants; and (2) Dobin was awarded the entire interests of the Civil Action Defendants in the Property and the business operated at the

[5] The Amended Judgment explained that "[t]he two parts – this Amended Judgment and the revised family law judgment – shall be signed and filed together and will constitute the revised judgment."

-4-

Property as punitive damages.

The second part of the Amended Judgment resolved the claims asserted in the Family Law Action. It did so through use of a standard "check the box" form for a California dissolution judgment, together with an "Attachment A" to the form setting forth several specific rulings. The paragraphs of Attachment A which are pertinent in this appeal included:

"1.  Neither party has established the right to an award of spousal support."

"2.  The Court finds by clear and convincing evidence that Erica Adams breached her fiduciary duties owing to Gregory Dobin by denying the existence of the partnership she knew to exist and that her conduct was fraudulent as defined in Civil Code 3294."

"7.  The Court awards to Gregory Dobin the entire community interest in, or any claims to a community interest in, [the Property] as well as any interest in the entities known as EPC, LLC, Equestrian Performance Center, and Equestrian Property, LLC."

"10. The court finds that Mr. Dobin is entitled to recover from Erica Adams the attorney's fees he has incurred in connection with these actions in the sum of $300,000."[6]

The Amended Judgment was entered on April 10, 2010. It was not appealed.

### This Bankruptcy Case and Adversary Proceeding

On August 6, 2012, Adam filed a petition under chapter 7. Dobin commenced the adversary proceeding in this appeal on November 2, 2012. In the complaint, Dobin alleged that his claims

---

[6]  In Attachment A, the Amended Judgment also allocated various assets of the parties' marital community (pensions, charging the parties with assets in their possession, crediting them with payments on tax obligations). The court concluded that, after the allocation, Dobin recovered $12,484 more than Adam. Thus, the state court credited $6,242 against the $300,000 fee award "to equalize the division of community property."

-5-

against Adam as evidenced in the Amended Judgment were excepted from discharge under § 523(a) for several reasons. First, Dobin alleged that his claims were nondischargeable under § 523(a)(2)(A) because Adam had fraudulently represented to him that, if he contributed money and labor, cosigned partnership loans, and moved onto the Property, he would have an ownership interest in the Property and businesses. Under § 523(a)(4), Dobin alleged that Adam had breached her fiduciary duty to him by denying the existence of the partnership. And under § 523(a)(6), Dobin alleged that Adam had wilfully and maliciously damaged him.

Adam filed an answer on November 28, 2012, generally denying the allegations.

Adam filed a motion for summary judgment on May 15, 2013. Adam argued that Dobin lacked standing to assert his damage claims against her because those undisclosed claims were property of the estate in the first bankruptcy case filed by Dobin and Adam in 1999.

On July 17, 2013, Dobin filed a proposed amended complaint to assert an additional exception to discharge claim under § 523(a)(15). In addition to the monetary damages Dobin sought in the original complaint, he asserted an additional claim for the $300,000 in attorney's fees he had been awarded in the Amended Judgment because it was, he argued, a debt owed by Adam to a former spouse (i.e., Dobin) that was incurred in the course of the parties' dissolution action.[7]

Then, on July 18, 2013, Dobin filed a cross-motion for

---

[7] The bankruptcy court granted Dobin's request to amend the complaint on August 13, 2013.

-6-

summary judgment. In it, Dobin asserted he was entitled to summary judgment on the newly stated § 523(a)(15) claim, and repeated his earlier allegations under §§ 523(a)(2)(A), (a)(4), and (a)(6).

The bankruptcy court heard the two summary judgment motions on August 29, 2013, and took the issues under advisement. On October 8, 2013, the court entered a Memorandum Decision (the "Memorandum Decision"). The court denied summary judgment on Dobin's claim under § 523(a)(15) without prejudice because that claim had not been asserted in his original adversary complaint, which was still in effect when the motions were filed. The bankruptcy court determined that disputed issues of fact remained regarding Adam's alleged fiduciary breach and Dobin's other claims under § 523(a)(4). As to the Dobin's claims under § 523(a)(2)(A) and (a)(6), the court dismissed both claims because Dobin lacked standing to raise them:

> It is undisputed that Dobin and Adam failed to disclose their interest in EPC, the business operated by EPC, and the Property in the 1999 bankruptcy. . . . Property of the estate that is not scheduled or otherwise administered by the time the case is closed remains property of the estate forever.

Memorandum Decision at 10. The court entered orders granting in part and denying in part Adam's motion for summary judgment, and denying Dobin's summary judgment without prejudice.

Both Adam and Dobin filed second motions for summary judgment on February 27, 2014. Dobin again sought an exception to discharge under § 523(a)(15) for the $300,000 in attorney's fees. Adam's motion addressed both the § 523(a)(4) and (a)(15) claims. Among Adam's arguments, she stressed that Dobin could not be

-7-

rewarded for wrongful pursuit of claims that he not only did not own but had concealed in three bankruptcy cases.[8]

The bankruptcy court heard the second round of summary judgment motions on April 10, 2014. The court expressed concern about deeming civil claims, made in connection with a family law action that had nothing to do with the marriage dissolution other than the fact that there were two spouses involved, excepted from discharge under § 523(a)(15). However, after taking the motions under submission, on April 14, 2014, the court ruled:

> The attorney fee award of $300,000 under the Amended Judgment was incurred by Adam in the course of the marriage dissolution between Adam and Dobin, and the sum of $300,000, less the credit of $6,242 remained owing by Adam to Dobin on the petition date. It is accordingly ORDERED that [Dobin's] motion for summary judgment is granted, and the balance of the $293,758 owing on the attorney fee award under the Amended Judgment is nondischargeable under 11 U.S.C. § 523(a)(15).

Order, at 2, April 14, 2014. Adam's summary judgment motion was denied.

The bankruptcy court entered a judgment on August 13, 2014, declaring Dobin's $293,758 claim excepted from Adam's discharge under § 523(a)(15). Adam timely appealed.

## II. JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(I). We have jurisdiction under 28 U.S.C. § 158.

## III. ISSUE

Whether the bankruptcy court erred in granting summary

---

[8] Although the second round of summary judgment motions also discussed Dobin's claim under § 523(a)(4), the focus shifted to the § 523(a)(15) claim. Ultimately, the bankruptcy court approved the stipulation of the parties to dismiss Dobin's § 523(a)(4) claim.

-8-

judgment in favor of Dobin that Adam's debt for the attorneys fees was excepted from discharge under § 523(a)(15).

## IV.   STANDARD OF REVIEW

We review the bankruptcy court's grant of summary judgment de novo.  Omega S.A. v. Costco Wholesale Corp., 776 F.3d 692, 695 (9th Cir. 2015).  Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law."  Civil Rule 56(a), incorporated by Rule 7056.  Barboza v. New Form, Inc. (In re Barboza), 545 F.3d 702, 707 (9th Cir. 2008).

## V. DISCUSSION

**The bankruptcy court did not err in granting summary judgment that Dobin's claim against Adam for the $293,758 in attorney's fees was excepted from discharge under § 523(a)(15).**

In this appeal, the parties agree that there are no disputed material facts.  Instead, they spotlight a question of bankruptcy law for the Panel's consideration: whether Dobin's claim against Adam for the attorney's fees awarded to him by the state court in the Amended Judgment is excepted from discharge in Adam's bankruptcy case under § 523(a)(15).  For the reasons that follow, we agree with the bankruptcy court that the bankruptcy court's grant of summary judgment in Dobin's favor on this issue was appropriate.

**A.   Congress, the Courts, and § 523(a)(15)**

Section 523(a)(15) excepts non-support debts arising in connection with a divorce or dissolution proceeding from discharge

in bankruptcy.  The evolution of § 523(a)(15) demonstrates Congress's intent to spread as large a net, and to include as many marriage dissolution-related claims as possible, within this exception to discharge.  The current version of the relevant Code provision reads:

> **§ 523.  Exceptions to discharge**
>
> (a) A discharge under section 727 . . .of this title does not discharge an individual debtor from any debt – . . . (15) to a spouse, former spouse, or child of the debtor and not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, or a determination made in accordance with State or territorial law by a governmental unit[.]

§ 523(a)(15)(2015).

This discharge exception has undergone changes over the years.  While the Bankruptcy Code, and its predecessors, have long included a discharge exception for a debtor's obligations for state court awards to a former spouse for alimony, maintenance and support, see e.g., § 523(a)(5)(establishing a discharge exception for a "domestic support obligation" as defined in § 101(14A)), Congress amended § 523 of the Bankruptcy Code in 1994 to add § 523(a)(15) as a new discharge exception.  As one circuit court explained, "[t]he fact that Congress saw a need to add this provision to section 523 strongly suggests that the language in section 523(a)(5) does not cover obligations incurred as part of a property division incident to divorce.  The existence of this new provision suggests Congress envisioned that there would be other types of payments authorized in divorce agreements that would not qualify as alimony, maintenance, or support."  In re Evert,

-10-

342 F.3d 358, 367-68 (5th Cir. 2003). As noted by the court, it is evident that § 523(a)(15) was intended by Congress to encompass debts between former spouses that fall outside the scope of the exception addressing domestic support obligations in § 523(a)(5). As a bankruptcy court has observed, "Congress balanc[ed] two public policies in sections 523(a)(5) and (a)(15): the Bankruptcy Code's purpose of providing a fresh start to a deserving debtor; and the importance of a debtor's obligations to his family" and works to prevent the non-debtor spouse from being "left out-of-pocket because of a debtor's bankruptcy filing." In re Brooks, 371 B.R. 761, 766-67 (N.D. Tex. 2007) (citations omitted).

If the addition of § 523(a)(15) in 1994 operated to broaden the scope of those marital debts excepted from bankruptcy discharge, in 2005, BAPCPA went even further. Before BAPCPA, a debt otherwise covered by § 523(a)(15) was nonetheless dischargeable if the debtor was financially unable to repay the debt or if the benefit to the debtor associated with discharge of that debt outweighed the detriment resulting therefrom to the spouse, former spouse or child of the debtor. See Ashton v. Dollaga (In re Dollaga), 260 B.R. 493, 495 (9th Cir. BAP 2001). BAPCPA removed both the financial capacity criterion and the balancing of debtor's benefit against the creditor's detriment from the amended discharge exception. Bendetti v. Gunness (In re Gunness), 505 B.R. 1, 5 (9th Cir. BAP 2014); In re Dumontier, 389 B.R. 890, 896 (Bankr. D. Mont. 2008).

Courts have acknowledged that BAPCPA's changes to § 523(a)(15) significantly expanded the scope of the debts covered

-11-

by that section. Because Congress enacted § 523(a)(15) to broaden the types of marital debts that are nondischargeable, beyond those described in § 523(a)(5), "by implication a § 523(a)(15) exception from discharge would also be construed more liberally than other § 523 exceptions." Taylor v. Taylor (In re Taylor), 478 B.R. 419, 428 (10th Cir. BAP 2012); Berse v. Langman (In re Langman), 465 B.R. 395, 405 (Bankr. D.N.J. 2012) ("This provision has been read to encompass a range of matrimonial debts, including obligations arising out of property settlement agreements and equitable distribution judgments."). The exception applies to all debts, separate and community. In re Kinkade, 707 F.3d 546, 549-50 (5th Cir. 2013); see also March, Ahart & Shapiro, CAL. PRACT. GUIDE: BANKRUPTCY § 22:270-22:272.3 (Rutter Group 2013) ("In effect, therefore, taken together with § 523(a)(5), virtually all domestic relations obligations (whether for support, a property division or otherwise), are excepted from discharge if incurred in connection with marriage dissolution or rooted in a separation agreement, dissolution judgment, other court order, or a governmental agency determination.").

As further evidence of Congressional intent to treat exceptions to discharge under § 523(a)(15) broadly, we note that BAPCPA also modified § 523(c)(1). After the amendment, debts falling under section § 523(a)(15) are no longer included in the category of debts that are discharged automatically if a party does not request a determination from the bankruptcy court. Gilman v. Golio (In re Golio), 393 B.R. 56, 61 (Bankr. E.D.N.Y. 2008) ("The enactment of subsection 523(a)(15) and the increase in the scope of the discharge exception effected by the 2005

amendments, expresses Congress's recognition that the economic protection of [] spouses and children under state law is no longer accomplished solely through the traditional mechanism of support and alimony payments.").

In sum, the trend in recent case law is to construe § 523(a)(15) expansively to cover a broader array of claims related to domestic relations within the discharge exception. See, e.g., In re Wise, 2012 WL 5399075, at *6 (Bankr. E.D. Tex. Nov. 5, 2012) (§ 523(a)(15) "rendered as non-dischargeable virtually all obligations arising between spouses as a result of a divorce decree."); Quarterman v. Quarterman (In re Quarterman), 2012 Bankr. LEXIS 4924, at * 9-10 (Bankr. D. Ariz. October 17, 2012) ("The Section is not limited to simply divorce decree judgments alone but excepts any debt incurred by the debtor in the course of divorce or any debt in connection with a divorce decree.").[9]

---

[9] But see In re Tracy, 2007 WL 420252, at *2 (Bankr. D. Idaho Feb. 2, 2007) where the bankruptcy court cautioned against adopting too broad an interpretation of § 523(a)(15). In Tracy, the debtor's former spouse sought a determination from the bankruptcy court that the debt owed to him pursuant to a state court judgment regarding personal property left in the parties' marital home was nondischargeable. Id., at *1. The debtor argued that § 523(a)(15) excluded from discharge any debt "arising under **any** order of a court to a former spouse." Id. (emphasis added). The Tracy court rejected this approach as too broad, and held that in order for the debt to be excepted from discharge under § 523(a)(15), the former spouse had to show that the debts in question "were incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement or divorce decree or other order of a court of record." Id., at *3 (citing Gamble v. Gamble (In re Gamble), 143 F.3d 223, 225 (5th Cir. 1998)). The Tracy court noted that although the debts owed to the former spouse by the debtor arose out of a dispute regarding the parties' property rights subsequent to their divorce, the parties began a new relationship as landlord and
(continued...)

-13-

**B.    Section 523(a)(15) Applied to This Case**

1.    Dobin's Arguments

Using this legislative and case law review for context, we turn to the issues in the present appeal.  To establish his case for exception to discharge of the attorney's fees under § 523(a)(15), Dobin was required to establish three elements: (1) that the debt in question is owed to a former spouse of the debtor; (2) that the debt is not a support obligation within the meaning of § 523(a)(5); and (3) that the debt was incurred in the course of a divorce or separation or in connection with a separation agreement, divorce decree, or other order of a court of record.  <u>In re Taylor</u>, 478 B.R. at 428; <u>McFadden v. Putnam (In re Putnam)</u>, 2012 Bankr. LEXIS 6117, at * 58 (Bankr. E.D. Cal. August 30, 2012).

That two of these elements are satisfied is undisputed. Dobin is the former spouse of debtor Adam.  In addition, the parties do not dispute that the debt Adam owes Dobin under the state court's Amended Judgment for attorneys' fees is not a domestic support obligation as provided in §§ 523(a)(5) and 101(14A).  The only remaining question is whether that debt for fees was incurred in the course of a divorce, or in connection

---

[9](...continued)
tenant when the former spouse rented the home to the debtor.  <u>Id.</u> In <u>Tracy</u>, the court concluded that because the debts actually arose out of the parties' post-divorce dealings as landlord and tenant, the debts were unrelated to the dissolution of their marriage.  <u>Id.</u>

As we will see below, in this case, Dobin's claims were based upon Adam's actions and events occurring during her marriage to Dobin, and were considered in connection with the overall disposition of the issues in the dissolution action, with the money obligation evidenced in the dissolution judgment.

-14-

with a divorce decree. We conclude that it is.

First, we note that while the procedure employed by the Family Court here may seem somewhat unusual in other states, resolution of the parties' claims in the consolidated action comported with California state law. California law generally allows consolidation of related matters pending before a California court. CAL. CODE CIV. PROC. § 1048(a) ("When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.").

In particular, as relevant here, when a dissolution proceeding is pending in the Family Court division while a civil action involving a breach of spousal duty or otherwise raising issues that may impact division of assets is pending in the civil division of the same court, consolidation is appropriate. CAL. FAM. CODE § 1101(f) ("Any action may[10] be brought under this section [claim for breach of fiduciary duty by a spouse] without filing an action for dissolution of marriage, legal separation, or nullity, **or may be brought in conjunction with the action** or upon the death of a spouse.") (emphasis added). As the Family Court has the primary right to decide these issues, the consolidation must occur such that the Family Court decides the issues. Askew v. Askew,

---

[10] Adam argues that the bankruptcy court erred by referring to the phrase "may be brought" as "must be brought." We consider this a distinction without a difference. Whether the statute provides that the court may do something, or must do something, it is statutory authority to **do** something.

-15-

22 Cal.App.4th 942, 961-62 ("After a family law court acquires jurisdiction to divide community property in a dissolution action, no other department of a superior court may make an order adversely affecting that division."); In re Marriage of Schenck 228 Cal. App.3d 1474, 1483-1484 (1991) (civil law and motion department had no authority to order the sale of the family home based on husband's accrued support arrearages when the family law court still had jurisdiction to divide the community interest in that home). Here, the state court explicitly invoked the authority granted under Cal. Fam. Code § 1101(f) in issuing the Amended Judgment.

Even if it had the authority to entertain Dobin's breach of fiduciary claims against Adam, she argues that the state court lacked authority to order a combined attorney's fee award for both the dissolution action and the civil action. As discussed below, we conclude that the fee award was made in conjunction with the family law action. That it was made in the same judgment as the other awards resolving the Civil Action is immaterial.[11] A critical element of a divorce proceeding is the division of community property. An obligation for a debt related to the division of community property in a divorce may constitute a debt excepted from discharge under § 523(a)(15) where, as in this appeal, Adam's obligation to pay the attorney's fees was

_____

[11] Indeed, there is case law supporting a single award of attorney's fees in a consolidated, multiple action, family court judgment. Guardianship of Paduano, 215 Cal. App. 3d 346, 352 (1989)("Because of the consolidation order, the guardianship and family law proceedings were one and the same, and thus, no segregation of fees and costs was necessary."). However, as explained below, in this case, there were separate awards for both the civil and family parts of the Amended Judgment.

-16-

incorporated in the Amended Judgment.  Short v. Short (In re Short), 232 F.3d 1018, 1022-23 (9th Cir. 2000) (holding that a property division claim comes within purview of § 523(a)(15).

On this record, we conclude that Dobin is entitled to a judgment excepting his claim from discharge under § 523(a)(15). Adam is his former spouse, and the attorney's fee award to Dobin in the Amended Judgment is not a support obligation as that term is understood in § 523(a)(5).  Since that obligation was created in the Amended Judgment, and in particular, in that portion of the Amended Judgment resolving the Family Law Action claims using the standard California form for dissolution judgments, we conclude that Adam incurred the obligation to pay Dobin's attorneys fees in connection with a divorce proceeding.

2.   Adam's Defenses

Adam asserts that both the state court and the bankruptcy court lacked jurisdiction over Dobin's claim against her because they were based on Dobin's incorrect assumption that he owned the Property and the business.  Under bankruptcy law, Adam contends, the Property and business interests of both Adam and Dobin became property of the bankruptcy estate when they first filed their chapter 7 petition in 1999, and remained so because they failed to disclose their purported interests in those assets in their schedules.  See § 554(c); In re Chen, 308 B.R. 448, 461 (9th Cir. BAP 2004).  Consequently, Adam argues, the state court could not award Dobin damages based on Adam's alleged fiduciary breach arising from her control of the Property and the businesses.

Because, in essence, she contests whether the state court

-17-

reached a correct result, as we see it, Adam's argument that the state court erred amounts to a collateral attack on that court's final judgment. It has long been established that final judgments are not subject to collateral attack. <u>Chicot County Drainage Dist. v. Baxter State Bank</u>, 308 U.S. 371, 377-78 (1940). Res judicata bars all claims based on the same "transactional nucleus of facts" which "could have been asserted, whether they were or not, in a prior suit between the parties." <u>Costantini v. TWA</u>, 681 F.2d 1199, 1201-02 (9th Cir. 1982); <u>Ross v. IBEW</u>, 634 F.2d 453, 457 (9th Cir. 1980); <u>see also</u> <u>In re Marriage of Jackson</u>, 136 Cal.App.4th 980, 988-989 (2006) (collateral attack on final judgments not allowed absent unusual circumstances or compelling policy considerations); 2 Witkin, CAL. PROCEDURE § 338 Jurisdiction, pp. 961-963 (5th ed. 2008).

In this setting, Adam's suggestion that the state court did not have subject matter jurisdiction over the fiduciary breach claim is of no moment. Adam concedes that she did not challenge the jurisdiction of the state court. "While it is often said that jurisdiction can be raised at any point in the proceedings, this does not mean that it can be raised after a decision has become final. Where a party does not challenge jurisdiction until a collateral proceeding, the issue is res judicata because it is presumed to have been determined in the earlier proceeding." <u>Chicot County Drainage Dist</u>, 308 U.S. at 377-78.

Adam's other arguments also lack merit. The one exception is Adam's challenge to the amount of Dobin's nondischargeable attorney's fees. Fairly summarized, Adam demands that the attorneys fee award be apportioned between the Family Law Action

-18-

and Civil Action. But we find that unnecessary. All of the fees were awarded "in connection with" the divorce proceedings, and the fees were exactly the amount determined by the state court in the Amended Judgment. In re Sasson, 424 F.3d 864, 872-73 (9th Cir. 2005) ("The bankruptcy court should ordinarily decline to allow the parties to relitigate the debt amount and should give the state court judgment as to the amount of debt preclusive effect.")

**VI. CONCLUSION**

In summary, the scope of § 523(a)(15) is broad. Dobin established that the award of attorneys fees against Adam is a debt owed to her former spouse, is not a domestic support obligation, and was entered in connection with the parties' divorce proceeding. The elements for an exception to discharge under § 523(a)(15) were therefore established, and the bankruptcy court did not err in excepting the attorney's fees from discharge.

We AFFIRM the judgment of the bankruptcy court.