Opinion by Judge NELSON; Concurrence by Judge WARDLAW.
OPINION
NELSON, Senior Circuit Judge:
This case involves two big commercial players: Costco Wholesale Corporation (“Costco”), a discount warehouse, and Omega S.A. (“Omega”), a global purveyor of luxury watches. Omega appeals the district court’s decisions granting summary judgment and attorney’s fees to Costco. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
I. ^Background
Omega manufactures luxury watches in Switzerland, which it distributes around the world. One of Omega’s high-end watches, the Seamaster, sometimes bears an engraving of the Omega Globe Design (“Omega Globe”). Omega obtained a copyright for the Omega Globe in March 2003. Omega began selling some Seamas-ter watches with engraved reproductions of the Omega Globe in September 2003. *694 Omega distributes its watches, including the Seamaster, through authorized distributors and dealers throughout the world, including the United States. In 2003, Costco and Omega discussed the possibility of Costco carrying Omega watches. The parties did not come to an agreement and Costco never became an authorized Omega retailer.
In 2004, Costco purchased 117 Seamas-ter watches bearing the Omega Globe on the so-called “gray market.” Omega S.A. v. Costco Wholesale Corp., 541 F.3d 982, 984 (9th Cir.2008) (“Omega I ”), abrogated by Kirtsaeng v. John Wiley & Sons, Inc., — U.S. -, 133 S.Ct. 1351, 185 L.Ed.2d 392 (2013). First, Omega sold the watches to authorized foreign distributors. Id. Next, unidentified third parties purchased the watches and sold them to ENE Limited, a New York company. Id. Costco purchased the watches from ENE Limited. Id. Costco then sold 43 of those watches to its members in California. Omega undoubtedly authorized the initial sale of the watches but did not approve the importation of the watches into the United States or Costeo’s later sale of the watches. Id.
Omega sued Costco for copyright infringement, specifically the importation of copyrighted work without the copyright holder’s permission, 17 U.S.C. § 602. The district court granted summary judgment to Costco based on the first sale doctrine. Omega I, 541 F.3d at 984-85 (explaining that the first sale doctrine, codified at 17 U.S.C. § 109(a), means that once a copyright owner consents to the sale of particular copies of work, that same copyright owner cannot later claim infringement for distribution of those copies). We reversed the district court and remanded because our precedent held that the first sale doctrine did not apply to copies of copyrighted works that had been produced abroad. Id. at 990 (discussing BMC Music v. Perez, 952 F.2d 318 (9th Cir.1991)). The Supreme Court granted certiorari, and an equally divided Court summarily affirmed. Costco Wholesale Corp. v. Omega, S.A., 562 U.S. 40, 131 S.Ct. 565, 178 L.Ed.2d 470 (2010) (per curiam).
On remand, the district court again granted summary judgment to Costco, finding that Omega misused its copyright of the Omega Globe to expand its limited monopoly impermissibly. The district court also granted Costco attorney’s fees in the amount of $396,844.17. Omega appeals both the district court’s copyright misuse judgment and the attorney’s fee award.
II. Standard of Review
We review the district court’s grant of summary judgment de novo, and we may affirm on any basis raised below and with support in the record. Columbia Pictures Indus. v. Fung, 710 F.3d 1020, 1030 (9th Cir.2013). We review an award of attorney’s fees for abuse of discretion. Fabbrini v. City of Dunsmuir, 631 F.3d 1299, 1302 (9th Cir.2011).
III. Discussion
A. First Sale Doctrine
While briefing in this matter was pending, the Supreme Court revisited the first sale doctrine in Kirtsaeng, 133 S.Ct. at 1355.[1] In that case, the Court considered *695 “whether the ‘first sale’ doctrine applies to protect a buyer or other lawful owner of a copy (of a copyrighted work) lawfully manufactured abroad.” Id. In other words, the Court asked whether the purchaser of the copyrighted work can “bring that copy into the United States (and sell it or give it away) without obtaining permission to do so from the copyright owner[.]” Id. The Court held that the answer was yes, and, thus, the “ ‘first sale’ doctrine applies to copies of a copyrighted work lawfully made abroad.” Id. at 1355-56.
Kirtsaeng explained that copyright distribution and importation rights expire after the first sale, regardless of where the item was manufactured or first sold. Id. Kirtsaeng interpreted 17 U.S.C. § 109(a), the first sale statutory provision, without overruling prior Supreme Court precedent, see Trans World Airlines, Inc. v. Hardison, 432 U.S. 63, 73 n. 8, 97 S.Ct. 2264, 53 L.Ed.2d 113 (1977) (explaining judgment from an equally divided Supreme Court is not precedent), and its holding is therefore fully retroactive and applies here, Rivers v. Roadway Express, Inc., 511 U.S. 298, 312-13, 114 S.Ct. 1510, 128 L.Ed.2d 274 (1994).
It is clear, then, that Omega has no infringement cause of action against Costco. Omega’s only allegation is that Costco violated Omega’s copyright-based importation and distribution rights by selling gray market watches without a prior authorized first sale in the United States. Omega concedes that it authorized a first sale of the watches in a foreign jurisdiction. Omega’s right to control importation and distribution of its copyrighted Omega Globe expired after that authorized first sale, and Costco’s subsequent sale of the watches did not constitute copyright infringement. Kirtsaeng, 133 S.Ct. at 1366; 17 U.S.C. § 109(a). Thus, application of the first sale doctrine disposes of Omega’s claim, resolves this case in Costco’s favor, and conclusively reaffirms that copyright holders cannot use their rights to fix resale prices in the downstream market. Bobbs-Merrill Co. v. Straus, 210 U.S. 339, 350-51, 28 S.Ct. 722, 52 L.Ed. 1086 (1908); see also Kirtsaeng, 133 S.Ct. at 1366 (noting the “absurd result” that would exist if a copyright owner could exercise downstream control after authorizing a first sale).
B. Attorney’s Fees
“[A]n award of attorney’s fees to a prevailing defendant that furthers the underlying purposes of the Copyright Act is reposed in the sound discretion of district courts. Moreover, [s]uch discretion is not cabined by a requirement of culpability on the part of the losing party.” Entm’t Research Grp., Inc. v. Genesis Creative Grp., Inc., 122 F.3d 1211, 1228-29 (9th Cir.1997) (internal quotation marks and citations omitted).
District courts have great latitude to exercise “equitable discretion” in the attorney’s fees context. Id. “Some of the factors that can affect a district court’s decision are (1) the degree of success obtained; (2) frivolousness; (3) motivation; (4) the objective unreasonableness of the losing party’s factual and legal arguments; *696 and (5) the need, in particular circumstances, to advance considerations of compensation and deterrence.” Id.
Here, the district court did not abuse its discretion in awarding attorney’s fees to Costco. The district court identified these factors and found each weighed in Costco’s favor. The court further concluded- that “[b]y affixing a barely perceptible copyrighted design to the back of some of its watches, Omega did not provide — and did not seek to provide — creative works to the general public.” Instead, “Omega sought to exert control over its watches, control which it believed it could not otherwise exert.” Thus, the court concluded, it should have been clear to Omega that copyright law neither condoned nor protected its actions, and the imposition of fees would thus further the purpose of the Copyright Act. This conclusion was not error.
AFFIRMED.

. The concurrence argues both that copyright misuse is the only issue presented to the court and that we should have ordered the parties to file supplemental briefing on Kirtsaeng. The first sale issue is properly before us. First, Costco raised the first sale doctrine based on the intervening decision in Kirtsaeng in a filing with the court prior to oral argument. Costco's 28(j) Letter, Case No. 11-57137, Docket No. 42 & Case No. 1256342, Docket No. 23 ("Costco notifies the court of Kirtsaeng because the Supreme Court’s ruling *695 overrules this Court’s decision in the prior appeal in this case, Omega S.A. v. Costco Wholesale Corp., 541 F.3d 982 (2008), aff'd by equally divided court, 562 U.S. 40, 131 S.Ct. 565, 178 L.Ed.2d 470 (2010).”); Omega’s Response Letter, Case No. 11-57317, Docket No. 44 & Case No. 12-56342, Docket No. 25 (arguing Kirtsaeng does not apply). Moreover, at oral argument, Costco's first argument, made extensively, was that we can and should affirm on Kirtsaeng. Case No. 11-57137, Oral Argument at 19:00. Because the parties litigated the first sale issue extensively the first time this case was before us, and because the holding in Kirtsaeng is so clear, there was no need for supplemental briefing.