

**NOT FOR PUBLICATION**

# UNITED STATES BANKRUPTCY APPELLATE PANEL

## OF THE NINTH CIRCUIT

In re:                              )     BAP No. CC-14-1397-PaKiTa
                                    )
NARINDER SANGHA,                    )     Bankr. No. 13-16964-MH
                                    )
          Debtor.                   )     Adv. Proc. 13-01171-MH
_____)
                                    )
NARINDER SANGHA,                    )
                                    )
          Appellant,                )
                                    )
v.                                  )     **M E M O R A N D U M**[1]
                                    )
                                    )
CHARLES EDWARD SCHRADER,            )
                                    )
          Appellee.                 )
_____)

Argued and Submitted on March 19, 2015
at Pasadena, California

Filed - June 11, 2015

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Mark D. Houle, Bankruptcy Judge, Presiding

Appearances:     Deepalie Milie Joshi argued for Appellant Narinder
                 Sangha; Appellee Charles Edward Schrader argued pro
                 se.

Before: PAPPAS, KIRSCHER, and TAYLOR, Bankruptcy Judges.

---

[1] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8024-1.

-1-

Chapter 7[2] debtor Narinder Sangha ("Sangha") appeals the judgment of the bankruptcy court declaring that his debt to creditor Charles Edward Schrader ("Schrader") is excepted from discharge under § 523(a)(6). We VACATE and REMAND.

## I. FACTS

On October 13, 2009, Schrader filed a complaint against Sangha for defamation (slander per se) in San Francisco Superior Court, alleging that Sangha had made false statements[3] about Schrader in the course of an employment background investigation. On November 17, 2009, Sangha filed an answer and general denial. The state court granted Schrader leave to file a second amended complaint[4] on February 14, 2011. In the second amended complaint, all fourteen causes of action alleged that Sangha made the defamatory statements with malice; the prayer sought an award of exemplary damages.

Schrader, on March 4, 2011, filed a motion for terminating sanctions against Sangha for engaging in discovery abuses. The state court granted Schrader's sanctions motion and struck Sangha's answer to the second amended complaint, commenting: "The Court finds that Defendant's failure to respond to the Court's

---

[2] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, all Rule references are to the Federal Rules of Bankruptcy Procedure, Rules 1001–9037, all Civil Rule references are to the Federal Rules of Civil Procedure 1–86, and all Appellate Rule references are to the Federal Rules of Appellate Procedure 1–48.

[3] In sum, the allegedly defamatory statements were that Schrader had verbally, physically, and emotionally abused Sangha.

[4] Our record does not include copies of the original complaints.

-2-

orders compelling a response to interrogatory is willful." Sangha then dismissed his attorney Christopher Leuterio and filed a substitution of attorney showing Christopher N. Mandarano was to be his counsel. On April 8, 2011, Sangha terminated Mandarano, and substituted Robert D. Finkle as his attorney.

On April 18, 2011, the state court entered a default against Sangha. It conducted a prove-up hearing on Schrader's motion for entry of default judgment on June 2, 2011, and entered a judgment the same day (the "State Court Judgment") awarding Schrader $1,369,633.40, comprised of $1,000,000 for general damages, $368,535.40 for "Special/Punitive Damages,"[5] and $1,098.00 for costs.

On November 14, 2011, the state court denied Sangha's motion to vacate the State Court Judgment. Sangha did not appeal the State Court Judgment.[6]

Sangha filed a chapter 7 bankruptcy petition on April 18, 2013. In his schedules, he listed a disputed debt owed to Schrader of $1,369,634.00 for the State Court Judgment.

On April 23, 2013, Schrader filed an adversary complaint against Sangha seeking an exception to discharge under § 523(a)(6) for the debt evidenced by the State Court Judgment. Sangha filed an answer on August 21, 2013, generally denying the complaint's

---

[5] Of this sum, $6,000 was for punitive damages. See discussion below in footnote 7.

[6] Sangha later obtained a malpractice judgment in the same state court against Leuterio in the amount of $1,370,349.85 based upon Leuterio's negligence in representing Sangha in the Schrader suit. Sangha alleges that he has been unable to collect the malpractice judgment.

-3-

allegations and stating three affirmative defenses: that the purported false statements were privileged; that Schrader had engaged in fraud by concealment of material facts from the state court; and that Schrader had unclean hands.

Schrader filed a motion for summary judgment on April 24, 2014, arguing that there were no disputed material facts and that the State Court Judgment was preclusive as to all of the elements required for an exception to discharge under § 523(a)(6).

Responding to the summary judgment motion on June 4, 2014, Sangha asserted that triable issues of fact remained concerning Schrader's unclean hands, fraud, the damage award, and Sangha's intent. Sangha also argued that he was entitled to conduct discovery. Schrader filed a reply on June 12, 2014, which included various documents in opposition to Sangha's allegations.

Before the motion hearing on July 8, 2014, the bankruptcy court posted a detailed Tentative Decision. Among the conclusions in the Tentative Decision of the bankruptcy court were that:

- There was no genuine dispute that the State Court Judgment included $6,000 in punitive damages.[7]

- All elements of issue preclusion were satisfied.

- None of Sangha's arguments supported the extrinsic fraud

---

[7] As noted above, the State Court Judgment awarded Schrader $368,535.40 in "Special/Punitive Damages." That $6,000 of that sum was for punitive damages was hotly contested by the parties in the bankruptcy court. The bankruptcy court ultimately concluded that $6,000 represented punitive damages after subtracting the amounts awarded to Schrader for his lost wages and the costs of an unsuccessful appeal. Sangha has not continued his argument on appeal, and indeed, his counsel conceded at oral argument before the Panel that the damages awarded in the State Court Judgment included a punitive damages component.

-4-

exception to issue preclusion.

- The evidence reflected that all damages awarded were attributable to Sangha's malicious conduct.

- Sangha was seeking discovery in order to relitigate the State Court Judgment findings. The information he sought would not prevent summary judgment.

After hearing from the parties at the hearing, the bankruptcy court decided to grant summary judgment, and adopted its Tentative Decision, which it incorporated in a judgment (the "Bankruptcy Judgment") entered on August 7, 2014, that declared the State Court Judgment in the amount of $1,369,633.40 was excepted from discharge under § 523(a)(6).

Sangha filed a timely appeal of the Bankruptcy Judgment on August 18, 2014.

## II. JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(I). We have jurisdiction under 28 U.S.C. § 158.

## III. ISSUES

Whether the bankruptcy court erred in granting Schrader a summary judgment determining that the State Court Judgment was excepted from discharge under § 523(a)(6) based on issue preclusion.

## IV. STANDARDS OF REVIEW

We review the grant of summary judgment de novo. Omega S.A. v. Costco Wholesale Corp., 776 F.3d 692, 695 (9th Cir. 2015); Expeditors Int'l v. Official Comm. of CFLC, Inc. (In re CFLC, Inc.), 209 B.R. 508, 512 (9th Cir. BAP 1997). De novo review requires the Panel to independently review an issue, without

-5-

giving deference to the bankruptcy court's conclusions. First Ave. W. Bldg., LLC v. James (In re Onecast Media, Inc.), 439 F.3d 558, 561 (9th Cir. 2006). Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Civil Rule 56(a), incorporated by Rule 7056; Barboza v. New Form, Inc. (In re Barboza), 545 F.3d 702, 707 (9th Cir. 2008). In making this determination, the trial court must view all facts and reasonable inferences in the light most favorable to the non-moving party. Olsen v. Idaho St. Bd. of Med., 363 F.3d 916, 922 (9th Cir. 2004).

**IV. DISCUSSION**

Issue preclusion may provide a proper basis for granting summary judgment. San Remo Hotel, L.P. v. San Francisco City and Cnty., 364 F.3d 1088, 1094 (9th Cir. 2004). To meet its burden on a motion for summary judgment based on issue preclusion, the proponent must have pinpointed the exact issues litigated in the prior action and introduced a record establishing the controlling facts. Honkanen v. Hopper (In re Honkanen), 446 B.R. 373, 382 (9th Cir. BAP 2011); Kelly v. Okoye (In re Kelly), 182 B.R. 255, 258 (9th Cir. BAP 1995).

Issue preclusion may apply in bankruptcy discharge proceedings. Grogan v. Garner, 498 U.S. 279, 284 (1991). The preclusive effect of a state court judgment in a subsequent federal lawsuit generally is determined by the Full Faith and Credit Act, 28 U.S.C. § 1738, which provides that state judicial proceedings "shall have the same full faith and credit in every

-6-

court within the United States . . . as they have by law or usage in the courts of such State . . . from which they are taken." Marrese v. Am. Academy of Orthopaedic Surgeons, 470 U.S. 373, 380 (1985). When state preclusion law controls, the decision to apply the doctrine is made in accordance with state law. Khaligh v. Hadegh (In re Khaligh), 338 B.R. 817, 823 (9th Cir. BAP 2006), aff'd, 506 F.3d 956 (9th Cir. 2007).

Under California law, the party asserting issue preclusion has the burden of establishing the following threshold requirements:

> First, the issue sought to be precluded from relitigation must be identical to that decided in a former proceeding. Second, this issue must have been actually litigated in the former proceeding. Third, it must have been necessarily decided in the former proceeding. Fourth, the decision in the former proceeding must be final and on the merits. Finally, the party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding.

Harmon v. Kobrin (In re Harmon), 250 F.3d 1240, 1245 (9th Cir. 2001) (citing Lucindo v. Super. Ct., 795 P.2d 1223, 1225 (Cal. 1990)). These are known as the "Harmon" factors. But even if these five requirements are met, application of issue preclusion under California law requires a "mandatory 'additional' inquiry into whether imposition of issue preclusion would be fair and consistent with sound public policy." Khaligh, 338 B.R. at 824-25. "The purposes of the doctrine are to promote judicial economy by minimizing repetitive litigation, preventing inconsistent judgments which undermine the integrity of the judicial system and to protect against vexatious litigation." Younan v. Caruso, 51 Cal. App. 4th 401, 407 (1996).

-7-

In this appeal, we must decide if a critical issue — whether Sangha committed willful and malicious injuries to Schrader — was actually litigated (Harmon factor 2) in the state court. The bankruptcy court concluded it was, but we disagree. However, before we reach the merits of that question, we examine Sangha's arguments in this appeal that lack merit.

## A. Default judgments may be preclusive under both California and federal law.

In <u>Gayden v. Nourbakhsh (In re Nourbakhsh)</u>, 67 F.3d 798 (9th Cir. 1995), the Ninth Circuit held that the preclusive effect of a state court judgment is determined by reference to the preclusion law of the state in which the judgment was entered, and that if applicable state law affords preclusive effect to the issues decided in a default judgment, so will the federal courts of this circuit. The rules announced in this published Opinion are binding on all the courts of the Ninth Circuit, including this Panel. <u>Miranda B. v. Kitzhaber</u>, 328 F.3d 1181, 1186 (9th Cir. 2003) ("[W]here a panel confronts an issue germane to the eventual resolution of the case, and resolves it after reasoned consideration in a published opinion, that ruling becomes the law of the circuit," binding on all lower courts.).[8]

While not the law in all states, California affords preclusive effect to the default judgments entered by its courts. <u>Gottlieb v. Kest</u>, 141 Cal. App. 4th 110, 149 (2006). As the <u>Gottlieb</u> court explained, a default judgment, under California

---

[8] The Ninth Circuit's <u>Nourbakhsh</u> decision affirmed the published decision of this Panel in <u>Nourbakhsh v. Gayden (In re Nourbakhsh)</u>, 162 B.R. 841 (9th Cir. BAP 1994).

law, conclusively establishes, between the parties so far as subsequent proceedings on a different cause of action are concerned, the truth of all material allegations contained in the complaint in the first action, and every fact necessary to uphold the default judgment.

Id. at 149.

Sangha's brief in this appeal attempts the same frontal attack on Nourbakhsh that he offered to the bankruptcy court:

The Ninth Circuit's position [giving preclusive effect to state court default judgments when authorized by state law] is the minority view . . . . By utilizing a blanket application of collateral estoppel to default judgments, without considering why the default issues, the Ninth Circuit and other similarly-holding courts have, in essence, created a new exception that is not based on any malicious wrongdoing, but may simply be the result of "neglect, substance abuse, emotional turmoil, or simple inability to afford a lawyer. . . . The rule results in increased litigation and a lack of uniformity in the results. . . . Because the [Nourbakhsh] rule violates public policy and the rationale underlying issue preclusion, this Court should deign [sic] to follow it.

Sangha Op. Br. at 12-15. For support, Sangha cites to several bankruptcy and district court decisions within the Ninth Circuit, including the bankruptcy court in this appeal, that express dissatisfaction with the Nourbakhsh rule. However, none of those courts refused to follow the rule. Nor will we. Simply put, we have no authority to ignore binding circuit precedent:

Binding authority within this regime cannot be considered and cast aside; it is not merely evidence of what the law is. Rather, case law on point is the law. If a court must decide an issue governed by a prior opinion that constitutes binding authority, the later court is bound to reach the same result, even if it considers the rule unwise or incorrect. Binding authority must be followed unless and until overruled by a body competent to do so.

Hart v. Massanari, 266 F.3d 1155, 1171 (9th Cir. 2001).

Because we can not presume to overrule the Ninth Circuit,

-9-

even were we to disagree with the rule it announced, we must reject all of Sangha's arguments suggesting that we should ignore the preclusive effect of a California default judgment in federal bankruptcy proceedings in this circuit.

**B.** **The bankruptcy court erred in inferring that Sangha committed willful injury to Schrader based solely on the State Court Judgment awarding punitive damages.**

Section 523(a)(6) provides that: "(a) A discharge under 727 . . . of this title does not discharge an individual debtor from any debt — . . . (6) for willful and malicious injury by the debtor to another entity or to the property of another entity." Whether a particular debt is for willful and malicious injury by the debtor to another or the property of another under § 523(a)(6) requires application of a two-pronged test to the conduct giving rise to the injury. In other words, the creditor must prove that the debtor's conduct in causing the injuries was both willful and malicious. Barboza v. New Form, Inc. (In re Barboza), 545 F.3d 702,711 (9th Cir. 2008)(citing Carrillo v. Su (In re Su), 290 F.3d 1140, 1146-47 (9th Cir. 2002) and requiring the application of a separate analysis of each prong of "willful" and "malicious").

In this context, to show that a debtor's conduct is willful requires proof that the debtor deliberately or intentionally injured the creditor, and that in doing so, the debtor intended the consequences of his act, not just the act itself. Kawaauhau v. Geiger, 523 U.S. 57, 60-61 (1998); In re Su, 290 F.3d at 1143. The debtor must act with a subjective motive to inflict injury, or with a belief that injury is substantially certain to result from the conduct. In re Su, 290 F.3d at 1143.

For conduct to be malicious, the creditor must prove that

-10-

the debtor: (1) committed a wrongful act; (2) done intentionally; (3) which necessarily causes injury; and (4) was done without just cause or excuse. Id.[9]

The "identical issue" requirement addresses whether "identical factual allegations" are at stake in the two proceedings. Murphy v. Murphy, 164 Cal. App. 4th 376, 400 (2008). Here, the bankruptcy court found that the issue examined, and the findings made in the state court, that Sangha acted with malice in fact in connection with each of the fourteen causes of action stated in Schrader's complaint, were identical to the issue raised in the adversary proceeding, whether Sangha had inflicted willful injury on Schrader. We disagree.

The bankruptcy court reasoned that the state court had awarded Schrader punitive damages of $6,000. We find no error in that determination. In order to recover punitive damages in a defamation lawsuit, the state court had to find that Sangha committed slander with malice. DiGiorgio Corp. v. Valley Labor Citizen, 260 Cal. App. 2d 268, 277 (1968). That malice must be "malice in fact" in every case to support an award of punitive damages. Davis v. Hearst, 160 Cal. 143, 164 (1911).

---

[9] Because we find that the bankruptcy court erred in determining that there was a willful injury, we do not reach the issue of whether the State Court Judgment preclusively establishes that Sangha acted maliciously for purposes of § 523(a)(6). We note that the bankruptcy court simply ruled that because the injury was the result of malice in fact, the first two elements for malicious injury, that the individual committed a wrongful act and it was done intentionally, were satisfied. However, the Panel in Plyam v. Precision Dev., LLC (In re Plyam), ___ B.R. ___, No. CC-14-1362, 2015 WL 2124780 (9th Cir. BAP May 5, 2015), discussed below, noted that the maliciousness prong was partially satisfied by a finding of malice in law, not malice in fact. On remand, the bankruptcy court may review its finding on the maliciousness prong.

-11-

The bankruptcy court next examined the characteristics of "malice in fact" required to recover in defamation actions under California law. California defines malice in fact as "a state of mind arising from hatred or ill will, evidencing a willingness to vex, annoy, or injure another person." Davis, 160 Cal. at 160; see also In re V.V., 51 Cal. 4th 1020, 1028 (1966)("Malice in fact — defined as 'a wish to vex, annoy, or injure' . . . — consists of actual ill will or intent to injure."). From these legal premises, the bankruptcy court inferred:

> Malice in fact is defined as having ill-will or an attempt to injure. Malice in fact contemplates that defendant's conduct is intended to specifically injure Plaintiff, not just an intentional act that leads to injury. Thus, the Court finds that the issues set forth under malice in fact are the same as those for willful injury under § 523(a)(6)."

Tentative Decision at 8, July 8, 2014. Therefore, the bankruptcy court reasoned that: (1) The state court awarded punitive damages to Schrader in the State Court Judgment; (2) Punitive damages in a California defamation suit must be founded upon the trial court's finding that, in making the defamatory statements, the defendant acted with malice in fact; (3) Applying the state case law standard for malice in fact, the bankruptcy court could infer that Sangha had acted with an intent to injure Schrader.

The bankruptcy court then rounded out its reasoning with a citation to the Panel's unpublished memorandum in In re Emmerson, 2011 WL 3299852, at * 9 (9th Cir. BAP March 25, 2011) ("We have therefore concluded that an award of punitive damages, even absent specific findings of malice or oppression or fraud is entitled to preclusive effect in a nondischargeability action."). Based on its own reasoning, and with the apparent blessing of

-12-

In re Emmerson, the bankruptcy court concluded that issue preclusion satisfied the willfulness component for an exception to discharge under § 523(a)(6).

While otherwise sound, we find the third step in the bankruptcy court's analysis and its reliance upon In re Emmerson problematic.[10]  According to the cases cited by the bankruptcy court, "malice in fact" exists when an act is committed with "ill will **or** intent to injure."  Davis, 160 Cal. at 160 (emphasis added).  Ill will is manifested as a "willingness to vex, annoy, **or** injure another person."  Id. (emphasis added).  Because these standards are stated in the disjunctive, the bankruptcy court could not assume that Sangha's acts were committed with an intent to injure as the only possible inference from malice in fact. There are other possible inferences, including that ill will may not manifest itself in injury, or an intent to vex or annoy. While it may be possible to infer an actor's intent to injure from a finding that the actor committed malice in fact when supported by other facts in the record, that is not the case here.  The bankruptcy court concluded that, in defaming Schrader, Sangha

---

[10]  The bankruptcy court may have assigned too much weight to the Panel's decision In re Emmerson.  That case dealt with a very specific application of issue preclusion in a child abduction case.  The underlying state court action awarded punitive damages against the debtor based on Cal. Civ. Code § 49, which provides a cause of action for child abduction, and Cal. Civ. Code § 3294 for punitive damages ""where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice."  Cal. Civ. Code § 3294(a).  The state court in the In re Emmerson case made specific findings supporting its award of punitive damages under Cal. Civ. Code § 3294.  The Panel's decision should be viewed as endorsing an exception to discharge under the facts of that case, not as a general ruling that an award of punitive damages standing alone satisfies the willfulness prong of § 523(a)(6).

-13-

acted with an intent to injure Schrader based solely on the State Court Judgment. But that reasoning goes too far, since intent to injure cannot be inferred from malice in fact under California law.

Rather than In re Emmerson, for guidance, we look to the Panel's recent discussion of punitive damages and malice in fact under California law in Plyam v. Precision Dev., LLC (In re Plyam), ___ B.R. ___, No. CC-14-1362, 2015 WL 2124780 (9th Cir. BAP May 5, 2015). In In re Plyam, the Panel examined whether a California jury's award of punitive damages to the creditor was preclusive to show that the debtor had acted with the requisite intent to injure required for an exception to discharge in bankruptcy under § 523(a)(6). As relevant here, the Panel concluded that an award of punitive damages based upon an actor's malice in fact is "an insufficient basis for [application of] issue preclusion" under the Supreme Court's decision in Geiger. As the Panel explained,

> [B]y holding that the requisite state of mind was an actual intent to injure (or substantial certainty regarding injury), the Supreme Court in Geiger effectively adopted a narrow construction and the most blameworthy state of mind included within the common understanding of malice in fact. As relevant here, under California law, the general definition of malice in fact encompasses less reprehensible states of mind.

Id. at *5.

As can be seen, the In re Plyam opinion explores those "less reprehensible states of mind" that, while they support an award of punitive damages under California law, may not be adequate to support a discharge exception under the Bankruptcy Code. Id. The Panel discussed the case law in both California and federal

-14-

bankruptcy law regarding malice in law and fact, observing that California law could allow punitive damages for conscious disregard of another's rights, Taylor v. Super. Ct., 24 Cal.3d 890, 895-96 (1979), and for reckless conduct with no intent to cause harm, Donnelly v. S. Pac. Co., 18 Cal. 2d 863, 869-70 (1941).  But, as the opinion discusses, neither of those situations necessarily required a finding of intent to injure.

In this case, the state court made no clear, specific findings explaining its reasons for awarding punitive damages, and there are several grounds under California law that allow punitive damage awards without the intent to injure.  Just as the Panel did in In re Plyam, we conclude that the bankruptcy court, on summary judgment, could not infer that Sangha acted with the requisite willful intent solely because the State Court Judgment included an award of punitive damages.  In other words, that Sangha committed his acts with malice in fact did not preclusively establish that the injury he inflicted upon Schrader was done willfully for purposes of § 523(a)(6).  Because the State Court Judgment, standing alone, did not establish that Sangha acted willfully, that critical element for an exception to discharge was not actually and necessarily litigated in the state court proceedings, and we must VACATE and REMAND this action to the bankruptcy court for further proceedings.

**CONCLUSION**

We VACATE the judgment and REMAND this matter to the bankruptcy court for further proceedings.

-15-