

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ANTHONY J. JOHNSON,

      Plaintiff-counter-
      defendant-Appellant,

v.

STORIX, INC., a California Corporation,

      Defendant-counter-claimant-
      Appellee.

No.    16-55439

D.C. No.
3:14-cv-01873-H-BLM

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Marilyn L. Huff, District Judge, Presiding

Submitted December 5, 2017[**]
Pasadena, California

Before: D.W. NELSON and REINHARDT, Circuit Judges, and STEEH,[***]
District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable George Caram Steeh III, United States District Judge
for the Eastern District of Michigan, sitting by designation.

Anthony Johnson ("Johnson") appeals the judgment in favor of Storix, Inc. ("Storix") after a 5-day jury trial in his copyright infringement action, denial of his summary judgment motion, denial of his motion for a new trial, and award of attorney's fees to Storix. We review a denial of summary judgment de novo. *Perfect 10, Inc. v. CCBill L.L.C.*, 488 F.3d 1102, 1109 (9th Cir. 2007). For a summary judgment ruling to be appealable after a full trial on the merits, the denial must involve an "error of law that, if not made, would have required the district court to grant the motion." *FBT Productions, LLC v. Aftermath Records*, 621 F.3d 958, 963 (9th Cir. 2010). In reviewing a denial of a motion for a new trial, we review interpretations of the Copyright Act de novo. *See Perfect 10, Inc.*, 488 F.3d at 1109. We review jury instructions de novo for statements of law and under an abuse of discretion standard with respect to their formulation. *SEIU v. Nat'l Union of Healthcare Workers*, 718 F.3d 1036, 1047 (9th Cir. 2013). We also "review a district court's decision to grant or deny attorney's fees under the Copyright Act for abuse of discretion." *Perfect 10, Inc.*, 488 F.3d at 1109. We **AFFIRM** in part, **REVERSE** in part, and **REMAND**.

On March 15, 2004, Johnson signed a 2003 Annual Report ("Annual Report") he personally drafted that memorialized the transfer of "all assets" to

Storix. The Annual Report stated: "All assets from Storix Software were transferred to Storix Inc., as of its incorporation as of February 24, 2003."

Johnson argues that the district court erred in denying his motion for summary judgment and motion for a new trial because the Annual Report does not satisfy Section 204(a) of the Copyright Act as a matter of law. The Copyright Act provides that "a transfer of copyright ownership, other than by operation of law, is not valid unless an instrument of conveyance, or a note or memorandum of the transfer is in writing and signed by the owner of the rights conveyed." 17 U.S.C. § 204(a). Section 204(a) can be satisfied by an oral assignment that is later confirmed in writing. *Jules Jordan Video, Inc. v. 144942 Canada Inc.*, 617 F.3d 1146, 1156 (9th Cir. 2010); *Valente-Kritzer Video v. Pinckney*, 881 F.2d 772, 775 (9th Cir. 1989) ("If an oral transfer of a copyright license is later confirmed in writing, the transfer is valid.").

The writing does not require any "magic words . . . Rather, the parties' intent as evidenced by the writing must demonstrate a transfer of the copyright." *Radio Television Espanola S.A. v. New World Entm't, Ltd.*, 183 F.3d 922, 927 (9th Cir. 1999) (citing Melville B. Nimmer & David Nimmer, Nimmer on Copyright, § 10.03[A][2] at 10-37 ["As with all matters of contract law, the essence of the inquiry here is to effectuate the intent of the parties."]). As such, the writing does

not "have to be the Magna Carta; a one-line pro forma statement will do." *Id.* (citations omitted); *see also SCO Grp., Inc. v. Novell, Inc.*, 578 F.3d 1201, 1212 (10th Cir. 2009) ("Section 204(a), by its terms, imposes only the requirement that a copyright transfer be in writing and signed by the parties from whom the copyright is transferred; it does not on its face impose any heightened burden of clarity or particularity.").

The Annual Report qualified as a "note or memorandum" that was signed by Johnson and memorialized a transfer of assets. *See* 18 U.S.C. § 204(a). Contrary to Johnson's assertions, the form of a signature and contemporaneity of the writing are not dispositive. First, Section 204(a) does not necessitate the form of the signature to be in the transferor's personal capacity. The purpose of Section 204(a)'s writing requirement is to prevent inadvertent transfers and fraudulent claims of copyright ownership. *Magnuson v. Video Yesteryear*, 85 F.3d 1424, 1428-29 (9th Cir. 1996). That concern is virtually absent when Johnson himself admitted to writing and signing the Annual Report that memorialized a transfer of at least some assets to his own wholly-owned company. Johnson conceded that a transfer of some assets did occur, including computers, desks, supplies, and "whatever was necessary to continue doing business as Storix, the same thing that I was doing as Storix Software."

Similarly, *Konigsberg Intern. Inc. v. Rice*, 16 F.3d 355 (9th Cir. 1994) does not require a contemporaneous writing under these facts. *Magnuson*, 85 F.3d at 1429 n.1 (stating that the issue in *Konigsberg* was tardiness, not contemporaneousness, and "to the extent that some language in *Konigsberg* might be interpreted as requiring a contemporaneous writing even under the facts of this case, it is clearly dicta."); *see also Barefoot Architect, Inc. v. Bunge*, 632 F.3d 822, 828 (3d Cir. 2011) ("[T]ext of the statute . . . clearly allows for a subsequent writing to effectuate an earlier oral transfer, it does not specify a time period during which the writing must be consummated."). Unlike the writing in *Konigsberg*, the Annual Report provided a "reference point" to the exact date of the transfer. *See id.* (noting that the problem in *Konigsberg* was that "it was 'not the *type of writing* contemplated by [S]ection 204'" because it did not provide a "reference point for the parties' [] disputes").

Johnson also argues that his motion for a new trial should have been granted because the interpretation of Section 204(a) was not an issue for the jury. But for Johnson's assertion that the term "all assets" did not include the copyright to SBA, the Annual Report satisfied Section 204(a)'s writing requirement. Both parties offered extrinsic evidence to prove the meaning of "all assets." *See* 2 Patry on Copyright § 5:111 ("After-the-fact writings should serve . . . as a reference point, a

5

springboard from whence the parties' actual intent may be verified . . . Extrinsic evidence of the parties' intent may play an important role."). Extrinsic evidence that is offered to interpret the terms of a writing are for the jury. *Cachil Dehe Band of Wintun Indians of Colusa Indian Cmty. v. California*, 618 F.3d 1066, 1077 (9th Cir. 2010) (When there is "extrinsic evidence supporting competing interpretations of ambiguous contract language the court may not use the evidence to interpret the contract as a matter of law, but must instead render the evidence to the factfinder for evaluation of its credibility"); *see Welles v. Turner Entm't Co.*, 503 F.3d 728, 737 (9th Cir. 2007) (remanding to district court because the intention of parties' copyright transfer was ambiguous, "and because the contract's interpretation may turn on the credibility of extrinsic evidence."). Thus, the jury was properly tasked with interpreting the term at issue.

Given the foregoing, the jury instructions correctly stated that the term "all assets" could include copyright ownership and that the jury could use extrinsic evidence to interpret the meaning of the term. Therefore, the district court did not err in denying Johnson's motion for a new trial on the basis that the jury instructions were an incorrect statement of law.

The district court did not abuse its discretion in awarding fees to Storix because it gave "'substantial weight' to the objective reasonableness of [Johnson's]

position but did not rely exclusively on it, and thus the Supreme Court's recent decision in *Kirtsaeng v. John Wiley & Sons, Inc.* does not require a different result." *Choyce v. SF Bay Area Indep. Media Ctr.*, 669 F.App'x 863, 865 (9th Cir. 2016). The district court properly relied on other factors that outweighed its findings that Johnson's claims were not objectively unreasonable or frivolous: Johnson's motivation, the degree of Defendant Storix's success, and the need to advance considerations of compensation and deterrence. *See Omega S.A. v. Costco Wholesale Com.*, 776 F.3d 692, 695-96 (9th Cir. 2015).

While the district court did not abuse its discretion in choosing to award fees to Storix, we find that the amount of the award was unreasonable. "Even though a district court has discretion to choose how it calculates fees, we have said many times that it abuses that discretion when it uses a mechanical or formulaic approach that results in an unreasonable reward." *In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935, 944 (9th Cir. 2011) (citations and quotations omitted); *see also Fox v. Vice*, 563 U.S. 826, 839 (2011) ("The essential goal in shifting fees … is to do rough justice, not to achieve auditing perfection."). Because Johnson's claims were neither unreasonable nor frivolous, the amount of $543,704 was excessive. *See Kirtsaeng v. John Wiley & Sons, Inc.*, 136 S.Ct. 1979, 1988 (2016) (holding that courts must give substantial weight to the objective reasonableness of losing

7

party's position when awarding fees).  Further, Johnson, who is now pro se, is an individual plaintiff, rather than another company.  *See Lieb v. Topstone Indus., Inc.*, 788 F.2d 151, 156 (3d Cir. 1986) ("The relative financial strength of the parties is a valid consideration" in determining "what amount is reasonable").  "While we do not pass judgment on what the award should be, § 505 demands that it be reasonable."  *Woodhaven Homes & Realty, Inc. v. Hotz*, 396 F.3d 822, 824 (7th Cir. 2005) (quotations omitted)*; see also Yellow Pages Photos, Inc. v. Ziplocal, LP*, 846 F.3d 1159, 1165 (11th Cir. 2017) ("At the end of the day, the substantive reasonableness of the amount awarded is the touchstone of our evaluation of a district court's award of fees and costs.").  We therefore reverse the fee award and remand to the district court to reconsider the amount.

**AFFIRMED in part, REVERSED in part, and REMANDED.**  Each party shall bear its own costs.

8